# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

| | |
|---|---|
| NOEL WEST LANE, III, | Case No. 23-1035 |
| Plaintiff/Petitioner - Appellant | |
| v. | |
| MATTHEW CURTIS WIIT, NICOLE WITT, TORREY LIVENICK, and LIVENICK LAW, | |
| Defendant /Respondent – Appellee | BRIEF |

On Appeal from the United States Bankruptcy Appellate Panel
of the 10th Circuit

The Honorable Hall, Loyd, and Thurman, Bankruptcy Judges

BAP No. CO 22-007

Brief of Noel West Lane III

Oral Argument Is Not Requested

### Filing Party

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

1

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitations of Fed. R. App. P. 32 (a)(7)(B) because this brief contains 8,617 words according to the word count program of Microsoft Word, excluding the Appendix and those parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Roman, Microsoft Word, in 14 point Regular type.

Appellant:

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

# <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF RELATED CASES ……………………….. 3, 6

II.   JURISDICTIONAL STATEMENT ………………..………… 3, 9

   A. Constitutional Provision Involved …………………………….... 3, 9

III.  STATEMENT OF ISSUES PRESENTED AND STANDARD OF
      REVIEW ……………………………………………………….... 3, 13

   A. Standard of Review ……………………………..…………..… 3, 13

   B. Statement of Issues Presented …..………..……………….... 3, 14

   C. Orders Appealed ………………………………………….….. 3, 19

IV.   STATEMENT OF THE CASE ……………………..…………..3, 20

   A. Factual History ………………………………..…………… 3, 24

   B. Procedural History ………………………………………….. 3, 25

V.    SUMMARY OF ARGUMENT …………………………….. 3, 25

VI.   ARGUMENT ……………………………………….................. 3, 28

VII.  CONCLUSION …..………………………………….................. 37

      APPENDIX

   I. Appendix 23-1035 ………………………………………..…... 1

   A. Judgement BAP No. CO 22-007 ………………….………….. 3

   B. Opinion BAP No. CO 22-007 ……………………………… 3

   C. Procedural History

      1. Witt Litigation Chart - 19 Related Trial Court Cases - 2008 to 2023

2.  **Docket as of 02/16/2023** .................................................…...….. **4**

## **TABLE OF AUTHORITIES**

**Cases**

*Appellate Case: 20-8065 Document: 010110829207 Date Filed: 03/20/2023;*
*"a series of separate acts that collectively constitute one unlawful act."*
*(Repeated violations doctrine (See 28 U.S.C § 2401(a))* ................. 4, 39, 43

*Bellotti* v. *Baird, 443* U.S. 622, 99 S. Ct. 3035, 61 L. Ed. 2d 797,
1979 U.S. ……………………………………………………..…. 20[1]

*Bounds v. Smith (1977)* …………………………………….….…. 4, 11

*Boone v. United States*, 944 F.2d 1489, 1492 (9th Cir. 1991) …………… 4, 15

*Department of Education v. Brown (2023)* ………………………………… 4, 11

*Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) ……. 4, 14

*Hamer v. City of Trinidad, 924 F.3d 1093, 1100 (10th Cir. 2019)*
*(Continuing violations doctrine)* ………………………………... ……. 4, 39, 43

*In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir. 1990) ………….. 4, 14

*In re Investment Bankers, Inc.*, 4 F.3d 1556, 1560 (10th Cir. 1993), cert. denied,
114 S. Ct. 1061 (1994); …………………………………...…………………… 4, 14

*In re Lee*, 179 B.R. 149, 155 (Bankr. 9th Cir. 1995) ……………….…….. 4, 15

*In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir. 1988) ……… 4, 14

*Lehman Brothers v. Schein* 416 U.S. 386, 94 S. Ct. 1741 (1974) [2]……...…….. 4

*Logan v. Zimmerman Brush Co.* (1982) 455 U.S. 422, 428 [3]….,,,,,,,,,,,,,,… 4

[1] (*See* Docket number 34 Page 76, 77)
[2] (*See* Docket number 34 Page 76, 77)
[3] (*See* Docket number 34 Page 76, 77)

*Martinez v. Cal.* (1980) 444 U.S. 277, 281-282 [4] ….….……….…..……….. 4

*Mathews v. Eldridge* (1976) 424 U [5] ……….…………………….….…... 5

*Matter of Rigdon*, 36 F.3d 1375 (7th Cir. 1994) (proper construction of a bankruptcy statute is a legal issue, subject to de novo review) ….…….…... 5, 14

*Matter of Wiredyne*, 3 F.3d 1125, 1126 (7th Cir. 1993); In re Century Boat Co., 986 F.2d 154, 156 (6th Cir. 1993) ……………………….……….…...…. 45, 14

*Mullane v. Cent. Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 313 [6]
……………………………………………………….…………..…………..4, 10

*Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982) ………..…..…. 5, 14

*Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009))* [7] …………..…. 5

*Sierra Club v. Okla. Gas & Elec. Co.*, [8] 816 F.3d 666, 672 (10th Cir. 2016)
……………………………………………………………………. 5, 39, 43

**Statutes**

28 U.S.C § 2401(a) ……………………………………….……… 4, 5, 39, 43

Color of Law, Title 18, U.S.C., Section ...………..…………………...….. 4,  34

37 CFR § 11.303 (a)(1) Candor Toward the Tribunal ……………….….. 5, 29, 40

C.R.C. Title 18 Criminal Code 18-8-610 ………..……….…..…. 5, 6, 14, 19, 20

C.R.S. *§* 18-8-115 ...……………………………………….……........... 5, 6, 19

C.R.S. 18-17- 104(3) …………………………………………….…….…. 5, 6, 19

---

[4] (*See* Docket number 34 Page 76, 77)
[5] (*See* Docket number 34 Page 76, 77)
[6] (*See* Docket number 34 Page 76, 77)
[7] (*See* Docket number 34 Page 76, 77)
[8]

5

C.R.S. 24-21-501 et seq., Colorado Notary Law, Revised Uniform Law on Notarial Acts ....................................................................................... 6, 17

C.R.S. 24-21-510 - Notarial Act ................................................... 6, 15, 40

C.R.S. 24-21-513 - Notarial act under federal authority ................ ..6, 35, 40

Rule 11(c)(4) ....................................................................... 6, 21

18 U.S.C. § 4 ............................................................. ...... 6, 15, 40

8 U.S. Code § 1324c - Document fraud ......................... 6, 15, 29, 40

18 U.S. C. § 1519 - Destruction, alteration, or falsification of records . .... 6, 15

18 U.S.C. § 152(8) - prohibits concealment (included in 18 U.S.C. § 152(1-9)) .................................................................................... 5, 16, 38

18 U.S.C. § 3284 Statute of Limitations (*See* Docket Number(s) --- Page(s) --- .................................................................................... 6, 11

28 U.S. Code § 158(a)(1), (b)(1) ............................................... , 7

28 U.S.C. §1334(b) ................................................................. 6, 28

42 U.S.C. § 1983 (The Civil Rights Act of 1871) ........................... 6, 14

Fed. R. App. P. 32 (a)(7)(B) ...................................................... 2, 6

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................. 2, 6

Fed. R. App. P. 32(a)(5) .......................................................... 2, 6

Fed. R. App. P. 32(a)(6) .......................................................... 2, 6

Fed. R. Bankr. P. 8013 .............................................................2, 6

Racketeer Influenced and Corrupt Organizations Act (RICO) of 1970 ..... 6, 14

Rule 3.3 Candor toward the Tribunal ............................................. 2, 7

Rule 4.1 Truthfulness in Statements to Others ................................. 2, 7

**Other Authorities**

American Bar Association, "How Courts Work", November 28, 2021 ..... 7, 24

Colorado Judicial Branch, Cases and Parties without Attorney
Representation in Civil Case, Fiscal Year 2021 ............................... 7, 18

2019 Statistics U.S. District Court of Colorado ............................... 7, 18

State Action Doctrine, Amdt14.2 State Action Doctrine ......... 7, 14, 17, 41

5th Amendment United States Constitution ............................... 7, 28, 34

14th Amendment United States Constitution ............................. 7, 13, 39

## I.    STATEMENT OF RELATED CASES

Appellant identifies 19 trial court cases [9] as related cases.   The 19

---

[9] The 19 Related Cases begin in 2008 and continue into 2023 (15 years). The 19 Related Cases encompass the regulations et al of 7 jurisdictions and the clerks' offices of the District Court of Colorado Jefferson County, Colorado Court of Appeals, Colorado Supreme Court, U.S. District Court for the Tenth District, U.S. Bankruptcy Court Colorado District, Bankruptcy Appellate Panel of the Tenth District, and the U.S. Court of Appeals for the Tenth District.

Appellant maintains his defensive pleadings and appeals among other issues, caused the entering of the evidence and testimony contained in the court records of Matthew Curtis Witt's ("Witt") 19 Related Cases; sufficient evidence and testimony to present Appellant's pro se appeal, 23-1035, to this Court.

The evidence of the case on appeal to this Court is contained in its entirety in the Record on Appeal of 23-1035 (*See* Document 010110814176 Pages 1

Related Trial Court Cases ("related cases") charted *infra* are 1) 09-17238-MER, 2) 09-17437-MER, 3) 09-1530-MER, 4) 1:09-cv-00724-WDM-MEH, 5) 11-1251-MER, 6) 11-11413-MER, 7) 16-cv-01303-KMT, 8) 17-cv-31212, 9) 17-11705-MER, 10) 17-17630-MER, 11) 17-1548-MER, 12) 18SA6 in re 17-cv-31212, 13) 19-cv-30951, 14) 19CA656 in re 19-cv-30951 15) 2020SC516 in re 19-cv-30951, 16)2020SA218 in re 19-cv-30951, 17) 20CA1068 in re 30951, 18) 21-001100-MER, and 19) BAP No. 22-007 in re 21-001100-MER;

intentionally left blank

---

– 1837)  which includes the entire court history of facts and law, pleadings and findings, and evidence and testimony of the 19 Related Witt Cases.

Commencing in 2008 through and including 2020 (13 years), Matthew Curtis Witt ("Witt") is the Plaintiff/Petitioner in the first 17 of the 19 Related Cases.  Appellant's ("Lane") first appearance (emphasis added) as Plaintiff is entered in 2021 (emphasis added) 13 years following Witt's 2008 mortgage fraud on Appellant and 7 years following Witt's 2016 RICO filed against Lane in 16-cv-01303-KMT in U.S. District Courts of Colorado ("Colorado Courts").  16-cv-01303-KMT is the first of two dismissed racketeering complaints filed by Witt in 2016 and again in 2017 against Lane in the 15 year history of the 19 Related Witt Cases.

The 19 Related Cases chart shows the historic significance of the Procedural History and case chronology to the Issues (false narrative) on Appeal *infra* at pg. 15

| Witt Yearly Litigation Chart - 19 Related Trial Court Cases - 2008 to 2023 | | | | |
| --- | --- | --- | --- | --- |
| Plaintiff/Petitioner ("Witt") | Defendant/Appellant ("Lane") | Proximate Cause of Action | Case Number | Year |
| Witt | Lane | Witt Mortgage Fraud on Appellant | Appellant Personally Guarantees $12 Million to Witt as CCI Owner | 2008 |
| Witt | | Witt/CCI C11 Mortgage Brokerage | 09-17238-MER | 2009 |
| Witt | | Witt/CCI C11 Spec. Purpose Entity | 09-17437-MER | 2009 |
| Witt | Lane | Witt/CCI C11 Adv. Proc. v. Appellant | 09-1530-MER | 2009 |
| Witt | Lane | Witt/CCI C11 Banks suing Witt Mortgage Fraud | 1:09-cv-00724-WDM-MEH | 2009 |
| Witt | | Witt/CCI C11 in re 1:09-cv-00724-WDM-MEH | 11-1251-MER | 2011 |
| Witt | | Witt C7 11-11413-MER | 11-11413-MER | 2011 |
| Witt | Lane | Witt RICCO v. Appellant Dismissed | 16-cv-01303-KMT | 2016 |
| Witt | Lane | Witt COCCA v. Appellant Dismissed | 17-cv-31212 | 2017 |
| Witt | | Witt C7 17-11705-MER | 17-11705-MER | 2017 |
| Witt | | Witt C7 17-17630-MER | 17-17630-MER | 2017 |
| Witt | Lane | Witt C7 17-17630-MER Adv. Proceeding | 17-1548-MER | 2017 |
| Witt | Lane | Witt COCCA v. Appellant Appealed | 18SA6 in re 17-cv-31212 | 2018 |
| Witt | Lane | Witt Replevin v. Appellant | 19-cv-30951 | 2019 |
| Witt | Lane | Witt Replevin v. Appellant Appealed | 19CA656 in re 19-cv-30951 | 2019 |
| Witt | Lane | Witt Replevin v. Appellant Appealed | 2020SC516 in re 19-cv-30951 | 2020 |

| Witt | Lane | Witt Replevin v. Appellant Appealed | 2020SA218 in re 19-cv-30951 | 2020 |
|---|---|---|---|---|
| Witt | Lane | Witt Replevin v. Appellant Appealed | 20CA1068 in re 19-cv-30951 | 2020 |
| Lane | Witt | Witt C7 17-17630-MER Adv. Proceeding | 21-001100-MER in re 17-1548-MER | 2021 |
| Lane | Witt | Witt C7 17-17630-MER Adv. Proc. Apl'd. | BAP No. CO 22-007 in re 21-001100-MER | 2022 |

## II.    JURISDICTIONAL STATEMENT

Jurisdiction is proper pursuant to 28 U.S. Code § 158(a)(1) – Appeals.

"(a)The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees;"

### A. Constitutional Provision Involved

The Constitutional Provision for consideration in the review of the appealed Opinion and Judgement ("Opinion") of the Bankruptcy Appellate Panel for the Tenth Circuit ("BAP") is, "did BAP ignore facts and law in order to deny Appellant's substantive legitimate expectation of "fairness and equity" [10] from procedural lawful expectations that arise from constitutional expectations: 1) guaranteed access to the courts [11], 2) belief that access includes discovery and

---

[10] *"fairness and equity",* paraphrasing the Honorable Associate Supreme Court Justice Neil M. Gorsuch during oral argument in *Department of Education v. Brown (2023).*

[11] *"the fundamental constitutional right of access to the courts",* Honorable Supreme Court Justice, Thurgood Marshall in *Bounds v. Smith (1977)*

being heard in trial, pleadings or hearings on facts and law, and 3) belief that all ruling(s) will be based on presented evidence and the facts and law of the case at bar"?

The foundational Constitutional Provisions addressed by this appeal are: "does/did the U.S. District Courts of Colorado ("Colorado Courts") intentionally and/or unintentionally abridge and/or deny pro se litigants' including Appellant's 5th and 14th Amendment fundamental rights of access to the courts, in violation of law and statute, as raised to this Court in this matter on appeal, whether the causation of the abridgement or denial of constitutional rights [12] is comprised of, 1) err(s) in ruling on facts and law, 2) err(s) and abuse of process caused by Colorado Courts judicial bias towards pro se litigants, 3) err(s) caused by false narratives promulgated to Colorado Courts by Witt and his attorney(s), and further re-promulgated by Colorado Courts, in contravention of facts and law, or 4) err(s) caused by overly and overbroad complex regulations and statutory interpretation that may vary jurisdiction to jurisdiction in only the subtly of the answer to an innocent inquiry, "how long do I have to file Notice on Appeal?" [13]

---

[12]   The significance of Colorado Courts' abridgement of pro se rights is shown in the ratio of pro se cases brought to discovery and trial in Colorado Courts in 2021 v. pro se cases filed in Colorado Courts in 2021; **31 pro se cases out of 518,810 pro se cases** (emphasis added). Colorado Judicial Branch, Cases and Parties without Attorney Representation in Civil Case, Fiscal Year 2021

[13] United States Court of Appeals for the Tenth Circuit Clerk's Office says 30

leaving the answer subject to unconstitutional whim [14] Or, "all of the above"?

Finally in considering the Constitutional Provision of abridgement or denial of pro se litigants' including Appellant's access to the Colorado Courts for the err(s) enumerated *supra* in the exercise of their/his U.S. Citizen's common belief in their constitutional empowerment to be pro se in Colorado Courts pursuant to the 5th and 14th Amendments, "is this Court empowered and bound in law and statute to uphold Appellant's Constitutional Right(s) even as pro se through Appellant's substantive legitimate expectation of "fairness and equity" from procedural lawful expectations (in Colorado Courts) which inure from an expectation of constitutional due process protection, 1) guaranteed access to the courts, 2) which access includes discovery and being heard in trial, pleadings

---

days, and BAP Clerk's Office says 14 days.  Both are correct.

[14] The BAP in contravention of the evidence and testimony of the Record and influenced by Witt's and Witt's attorney(s)'s false narrative(s), overlooks Appellant's excusable err and in err(s) (*see supra* Statement of Issues Presented) caused in whole or part by Witt's and Witt's attorney s false narrative, opines factual misstatement(s),

"Timing is everything—especially in the law.  Here, Appellant, a chapter 7 creditor, seeks reversal of the Bankruptcy Court's orders dismissing his adversary proceeding, imposing sanctions, and denying his motion for reconsideration. However, because Appellant did not comply with certain timing requirements under the Federal Rules of Bankruptcy Procedure, this Court has jurisdiction to review only the Bankruptcy Court's order denying his motion for reconsideration. We affirm." (*See* Docket Number 60 Page 13)

and/or hearings and 3) followed by ruling and orders based on facts and law"? Or, "is the BAP empowered by law and statute to unilaterally abrogate pro se litigants' including Appellant's, fundamental rights of access to the courts guaranteed in the Constitution in fairness and equity when the unilateral abrogation of constitutional rights is in contravention of facts and law; using procedural manipulations and statutory violations as justification for denying fundamental rights guaranteed assuring access to Colorado Courts" [15]?

In summary of Constitutional Provision: "Do the 5th and 14th Amendments require a U.S. Citizen to be an attorney or hire an attorney for the purpose of exercising their fundamental rights of access to the courts? And if not, then is this Court or any Colorado Courts empowered by the U.S. Constitution in law or statute, to abridge or deny pro se litigants including Appellant, fundamental access to the courts by applying overly and overbroad complex regulations and statutory interpretation that may vary jurisdiction to jurisdiction, to excusable err(s) by a pro se litigant in exercise of their constitutional right of access to the courts, for the purpose of using judicial discretion to issue a ruling contrary to the facts of the evidence and testimony in the Record  (*See id* Witt did not destroy the evidence)?

## III.   STATEMENT OF THE ISSUES PRESENTED AND STANDARD

---

[15] "…when, Colorado Courts, here BAP, is influenced by false narrative and/or institutional judicial bias towards pro se litigants including Appellant."

**OF REVIEW**

### A. The standard of review is de novo.

When a district court or circuit court reviews a decision of a bankruptcy court, at bar, BAP, it reviews the factual findings for clear error and its legal conclusions de novo. Fed. R. Bankr. P. 8013; *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994); *Matter of Rigdon*, 36 F.3d 1375 (7th Cir. 1994) (proper construction of a bankruptcy statute is a legal issue, subject to de novo review); *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1560 (10th Cir. 1993), cert. denied, 114 S. Ct. 1061 (1994); *Matter of Wiredyne*, 3 F.3d 1125, 1126 (7th Cir. 1993); In re Century Boat Co., 986 F.2d 154, 156 (6th Cir. 1993); *Meridian Bank v. Alten,* 958 F.2d 1226, 1229 (3d Cir. 1992); *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir. 1990).

Appellate courts also conduct a de novo review when there exists a mixed question of law and fact. *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982). Compare *Boone v. United States*, 944 F.2d 1489, 1492 (9th Cir. 1991) (mixed questions of fact and law are reviewed de novo); *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir. 1988) (mixed questions of fact and law which contain "primarily a consideration of legal principles" are considered de novo); *In re Lee*, 179 B.R. 149, 155 (Bankr. 9th Cir. 1995) (mixed questions of law and fact are reviewed de novo).

In the case at bar the facts are established and together with the evidence and testimony are made a part of the Record in the Record on Appeal, and made a part of the Record in the testimony of the Appellant and the Appellees' as contained in the Briefs and pleadings of BAP No. CO 22-007. Further, the fundamental rule of law cannot be undisputed. Destruction of evidence in a pending proceeding is a violation of Federal Law.

## B. Statement of Issues Presented

Appellant's Preface to "Statement of Issues Presented":

Appellant believes that pro se litigants have guaranteed constitutional rights to be heard and rights to discovery and trial and that all these rights, in a layman's view come from a simple notion held by most U.S. Citizens ("citizen") that the Constitutional guarantee of trial on facts and laws is a guaranteed concept, 1) did he do it, and 2) is it against the law? Appellant believes that most citizens have no understanding (until caught up in someone else's gaslighting of false narrative), that the belief they have held (guilt or innocence) as citizens for most of their lives is subverted in Colorado Courts to parsing regulations and process, before addressing facts and laws and guilt or innocence.

In Appellant's opinion, no more apt reflection of parsing regulations and process before fact and law is the rather cavalier BAP judicial comment to a pro se litigant's 7 year, 214 pleadings later in 6 jurisdictions appeal, "Timing is

everything" (except for pro se litigants including Appellants excusable err *See supra.*

Thus, Appellant opines in question to this Court in closing to his Preface that, "if in seven years and 214 filed pleadings in 6 jurisdictions all of which are commenced following Appellant being named in Witt's first racketeering case against Appellant, 16-cv-01303- MKS (*See* Witt Litigation Chart *supra*), Appellant pro se is unable to obtain his Constitutional Right of discovery, trial, hearing and ruling (because he is not an attorney, as paraphrased from the Tenth Circuit's website),

"does Colorado Courts violate pro se litigants' civil rights guaranteed in the Constitution, by due process subject to unconstitutional interpretation (judicial discretion) and overly broad and complex regulations that cause a citizen's guaranteed Constitutional Rights to cease by judicial fiat (judicial discretion) rather than a Congressional Act or a citizen's amendment to the Constitution?"

Appellant's Four Issues Presented

Appellant hereby states four issues on appeal in 23-1035.   Appellant maintains that the four issues on appeal contain two secondary issues on appeal that are a part of the causation of BAP's err(s) in fact(s) and law(s):

Appellant's Four Issues Presented

The first issue on appeal is, "did BAP err in the fact(s) and law(s) of the

matter on appeal when it opined in precedent summary conclusion without supporting evidence: "Witt did not destroy the evidence (of a pending proceeding)"?

The second issue on appeal is, "if BAP's summary conclusion is made in err, and this err in facts and law is precedent in the Opinion to BAP's ruling on jurisdictional process and regulation violations by Appellant", is "Appellant's fundamental right of access to the courts abridged and his right to be heard denied because first and foremost BAP's summary conclusion is in err?", or "because a pro se litigant, here Appellant, made a legally excusable procedural and perhaps statutory error when identifying the incorrect order as deemed the final order from which to count the days for notice on appeal" [16]?

The third issue on appeal is, "if the first issue on appeal is found in err, and the BAP in second issue relies on the err as the truth of the first issue, are Appellant's 5th and 14th Amendment right to be heard and access to the courts abridged and Appellant's constitutional rights violated by Witt and/or his attorney(s) representing Witt when he/they promoted a false narrative, and Appellant maintains a defamatory narrative, to the BAP to produce a ruling in

---

[16] Here BAP artfully impugns Appellant's belief in the rule of law and the U.S. Constitution when in its Opinion it relegates Appellant's 7 year sojourn in Colorado Courts to a false summary conclusion based on a false narrative(s) and judicial bias, in contravention of the evidence and testimony of the Record, in a seemingly cavalier retort: "Timing is everything – especially in law *See supra* ".

the Opinion that is contrary to the evidence of the record and violative of Appellant's fundamental rights"?

Finally, Appellant maintains that the first, second, and third issues raised *supra* on appeal are legal grounds for this Court to consider two distinct secondary and corollary issues that Appellant asserts flow from and demand that they influence the Opinion, reconsideration of the first, second, and third issues.

Appellant maintains that these two secondary issues be considered when reviewing the first three issues arise in an existing toxic atmosphere of Colorado Courts' real and perceived institutional judicial bias against pro se litigants. The two secondary issues are 1) if the BAP is found in err in facts and law in the first issue raised on appeal *supra*, is BAP err made as part by the promotion of a false narrative by Appellee(s)'s and/or his/their licensed attorney(s) (together "false narrative promoters") who continually and unconstitutionally leveraged Colorado Courts' institutional judicial bias towards pro se litigants [17] and in direct

---

[17] Judicial Bias Towards Pro se Litigants: Colorado Courts allow only 0.01% of all cases represented pro se to proceed to discovery and trial. Pro se cases that make it to trial in Colorado Courts amount to 31 (0.01%) out of 518,810 (100%) pro se cases in 2021 (Colorado Judicial Branch, Cases and Parties without Attorney Representation in Civil Case, Fiscal Year 2021). Pro se cases equal less than 1% of the average yearly 3,312 cases that make it to jury trial in C(*See* Docket Number(s) --- Page(s) --- olorado Courts, 2014 to 2019. 2019 Statistics U.S. District Court of Colorado

promotion of that leveraged institutional judicial bias, materially misrepresent Appellant and the evidence of the Record by the licensed attorney(s). Further, in relying on the institutional judicial bias of Colorado Courts towards pro se litigants, a) did Witt's attorney(s) cause this bias to be leveraged and used to discredit Appellant's pleadings and defame Appellant's character in contravention of facts and law, and b) if BAP is found in err in facts and law on the first issue, does the second issue, the false narrative promulgated in Colorado Courts intentionally by a licensed attorney(s), thereby prejudicially influence the BAP's ruling? Thus, when the licensed attorney intentionally promotes the false narrative to BAP consistently in Witt's, and all Appellees' pleadings, to arrive at false conclusion that, "Witt did not destroy the evidence", does this impugn Witt and Witt's attorney(s) together or individually, making them culpable for the violations of Appellant's 5th and 14th Amendment rights?

Finally, Appellant raises the fourth issue on appeal, "if BAP is in err in facts and law in the first issue and if the BAP is in err in the first issue because of the false narrative promoted by Witt and Witt's attorney(s), Appellant maintains these are grounds for reversal of the summary conclusion of the Opinion, and thus will this Court issue a Certification of Facts and Law in favor of Appellant pursuant to (*See* Docket number 34 Page 76, 77)[18]

---

[18] pursuant to Certification (*See* Docket number 34 76, 77)

### C. Orders Appealed

Appellant appeals the Opinion of the BAP in BAP Appeal No. 22-7, Docket No. 60, filed 01/25/2023, and the Judgment in BAP Appeal No. 22-7 entered on 01/25/2023, Docket No. 61 (collectively "Opinion") (*See* Appendix page 1)

## IV.   STATEMENT OF CASE

### A. Factual History

Witt committed mortgage fraud on Appellant in 2008 as President and sole shareholder of Commercial Capital, Inc ("CCI"). Witt filed CCI's Chapter 11 in 2009 to conceal his mortgage fraud on Appellant. Appellant is a personal guarantor of over $12 million in loans made by Witt to Appellant's real estate development business [19]. Appellant's business and subsequently Appellant, is forced into bankruptcy following four years of Appellant's assets being restricted in Witt's CCI C11 bankruptcy.

In 2016 and 2017 Witt filed RICO and COCCA complaints post judgement award as preventative racketeering litigation(s) against Rekon, LLC [20]. Witt added Appellant and the other named parties' together with

---

[19] 21-001100-MER Clear History 2008 to 2021, FRVC I, (*See* Docket Number … page …)

[20] 17-1548-MER Rekon LLC purchased a $1.6 million default judgement against Witt from CCI's C11 Trustee. Rekon, LLC attempted to collect the default judgement against Witt from Witt in Adversary proceeding 17-1548-

their defense attorneys, 11 Defendants in total [21], as defendants in Witt's racketeering complaint(s) [22]

With the filing of Witt's RICO in 2016, Witt and Witt's attorney(s)'s commenced a gaslight of false narrative [23] against Appellant.  Then, Witt and Witt's attorney(s) maintained the false narrative gaslight "Appellant's vendetta [24] [25]against Witt" ("false narrative")  throughout 7 years of Witt commenced litigation against Appellant in Colorado Courts (*See supra*, Witt Yearly Litigation Chart).

Witt's racketeering complaints against Appellant are dismissed in 2016 and 2017 respectively [26].

---

MER arising from Witt's C7, 17-17630-MER, each case is a related case.

[21] (*See* Witt's COCCA 17-cv-31212 a related case)

[22] *supra*

[23] Noun – *Meriam Webster* 2023: "the act or practice of grossly misleading someone especially for one's own advantage (over an extended period of time)".

[23] Noun – *Meriam Webster* 2023: psychological manipulation of a person usually over an extended period of time that causes the victim, here BAP, to question (facts in evidence and testimony of the Record).

[24] Appellant's Vendetta Against Witt (*See* Docket No. 23 Page: 191, 192)

[25] See Docket Number 15 Pages 837, 838, 839, Narrative rebutting Vendetta, Paragraphs 24-40 )

[26] Appellant first entered appearance pro se in 16-cv-01303-KMT in year 8 of the 15 years of Witt caused litigation.

Appellant following Witt's mortgage fraud on Appellant in 2008, expended over $2 million to defend himself and his business(s) in multiple lawsuits arising from Witt's CCI C11 which commenced in 2009 [27]. Appellant was subsequently forced into C7 in 2013 without his attorney(s) obtaining discovery and trial to prove Witt's mortgage fraud on Appellant in 2008, and obtain ruling on fact(s) and law(s).

In 2016 Witt filed his RICO, 16-cv-01303-KMT a related case, to stave off Rekon, LLC's efforts to collect its $1.6 million C11 default judgement against Witt, and named Appellant a defendant.

Commencing in 2016, Appellant in his best efforts pro se, filed over 214 pleadings [28] in 6 jurisdictions in the 7 years of Witt caused litigation (all preceding 23-1035) against Appellant, and in Appellant's best efforts, preserved the evidence and testimony in the Record, of the Related Cases [29].

---

[27] Factual Background, 21-001100-MER for a clear history of Witt's mortgage fraud which culminates in Witt's admission to destruction of the evidence.

[28] Appellant, without the resources for legal counsel following his C7, began a 7 year process of learning how far removed his common belief in constitutional guarantee of access to the courts was from the reality that the constitutional guarantee of access only exists for those represented by an attorney, all others should heed the Tenth Circuit's Home Page warning in paraphrase, "do not enter this court unless accompanied by an attorney" (i.e. "Is a guaranteed constitutional right, no longer guaranteed when it is only accessible to 0.01% of pro se litigants (*See supra*).

[29] Appellant's pleadings all developed in reply to Witt's false narratives and

Appellant preserved the evidence, when pleading the various issues raised in the Related Cases in motion(s) and on appeal(s) [30] [31] flowing from the false narrative(s) of Witt's racketeering complaint(s) against Appellant.

Appellant filed over 214 pleadings in 6 jurisdictions *(see infra)* in responsive pleadings to Witt's racketeering complaint(s) against Appellant, to preserve the evidence for use in anticipated future motion(s) and appeal(s), while continuing to file motions [32] to continue to discovery and trial and gain fundamental access to Colorado Courts which fundamental access includes discovery, trial or hearing, and ruling on fact(s) and law(s).

---

Appellant's belief that he would be heard in trial and a ruling would be made by Colorado Courts based on facts and law. Appellant has preserved his belief in constitutional court access for 7 years by doing his pro se best to not break the chain of motions and pleadings that have served to preserve the evidence and testimony of the Record for this appeal, 23-1035.

[30] *See infra*, Witt Yearly Litigation Chart, "214 pleadings in 6 jurisdictions in 7 years of Witt commenced litigation".

[31] Appellant pro se had no concept of the morass of motions that an attorney can use to legally delay and in the case at bar, deny Appellant his constitutional belief in access to the courts when Appellant exercised his constitutional rights pro se and replied to Witt's RICO. 23-1035 is the 7th jurisdiction (sequentially in order and consecutive) [31] because of Appellant's continuing and concurrent appeal(s)) by which Appellant has preserved evidence and testimony in the Record. Appellant [31] preserved the evidence and testimony ("evidence") of Witt's false narrative and fraud on the court in the Record which Record includes the record of the 19 Related Cases ("Related Cases").

[32] Denial of Intervention.

In summary, following 7 years of preserving evidence in the Record through filing motions and appeals in racketeering litigation(s) commenced by Witt against Appellant, Appellant seeks ruling in fact(s) and law(s) based on the evidence and testimony of the Record and not a ruling arising from the influence of Witt's and Witt's attorney(s)'s false narrative [33] or unconstitutional interpretation (i.e. judicial discretion). Appellant is appealing BAP's summary conclusion that "Witt did not destroy the evidence" in contravention of the evidence and testimony of the Record.

23-1035 is on appeal for reversal and remand for discovery and trial or hearing on the evidence and testimony of the Record that, "Witt destroyed the evidence in a pending proceeding", rather than the summary conclusion by BAP in contravention of the evidence and testimony of the Record and in

---

[33] Beyond its err(s) in summary conclusion made in contravention of the evidence and testimony of the Record, BAP adopts additional err(s) promulgated in Witt's and Witt's attorney(s) gaslight of false narratives promoted over 7 years of Witt litigation. BAP is in err in other issues of fact in the Opinion among which are: 1) Appellant is not a C7 Creditor [33] of Witt. 2) Appellant's 2013 C11 is settled. 3) Appellant maintained custody and possession of the evidence (44 Boxes) of Witt's abandoned business and personal records by contract for over 2 years, that is until Witt obtained temporary custody of the 44 Boxes of evidence under subpoena issued by the Bankruptcy Court in Adversary Proceeding 17-1548-MER. 17-1548-MER arises in Witt's second repeat C7 filing in 2017, 17-17630-MER. Witt destroyed the evidence (of Witt's mortgage fraud on Appellant) while in Witt's temporary custody and while Witt's temporary custody was on appeal

violation of Appellant's fundamental rights of access to Colorado Courts that, "Witt did not destroy the evidence".

Appellant concludes his statement of case with the following:

Appellant will show in Argument *infra* with the evidence and testimony of the Record, that Appellant has preserved in 7 years of Colorado Court pleadings (*See id*), proof beyond all reasonable doubt that Witt in act and in omission caused the destruction of evidence of a pending proceeding while the evidence was in his custody as an officer of the court.

Further, Appellant will show proof beyond all reasonable doubt with the evidence and testimony of the Record, that BAP's err(s) in ruling on fact(s) and law(s) arises in Witt's and Witt's attorney(s) gaslighting of the BAP with false narrative(s) against Appellant and in gaslighting the BAP, (Witt) caused the BAP to err(s) in Opinion, and BAP's err(s), served to deny Appellant his 5th and 14th Amendment fundamental rights of access to the courts. Finally, Appellant will show in Argument *infra* Witt's and his attorney(s)'s false narrative was promoted in whole and/or part based on Colorado Courts' and BAP's institutional bias towards pro se litigants' including Appellant.

### B. Procedural History
(*See id,* Witt Yearly Litigation Chart - 19 Related Trial Court Cases - 2008 to 2023) ( hereinafter "Chart")

25

## V.    SUMMARY OF ARGUMENT

Appellant maintains that the BAP is in err in fact and law in its precedent and summary conclusion that, "Witt did not destroy the evidence" [34] ("summary conclusion").

Appellant maintains that the BAP's summary conclusion is unconstitutional interpretation in judicial discretion in err of fact(s) and law(s) and in contravention of the evidence and testimony of the Record.

Appellant maintains that the causation of BAP's denial of Appellant's fundamental access to the courts in err(s) is in whole or in part caused by the false narrative made and maintained throughout Witt's pleadings in the related cases [35].

Appellant maintains that the BAP's summary conclusion already in err in fact and law, errs again when it rules in contravention of Witt's own admission affirmed by his own email that, "he destroyed evidence in a pending proceeding with the intent to violate Appellant's Constitutional Rights *supra.*

Appellant maintains that the err(s) in BAP's summary conclusion as the

---

[34] (*See* Docket Number(s) --- Page(s) --- )
[35] (*See* Docket Number(s) --- Page(s) --- );  vendetta and pedophile see witt rebuttal motions

precedent issue from which flows BAP's affirmation and restatement of another

Colorado Courts' jurisdictional process and regulation violations against

Appellant contained in the Opinion on appeal [36] are:

1) Err(s) in ruling on facts and law,

2) Err(s) caused by institutional judicial bias towards pro se litigants,

3) Err(s) caused by false narratives promoted in Colorado Courts, and

4) Err(s) caused by overly complex, non-standardized and/or conflicting

regulations and procedural due process that vary from jurisdiction to jurisdiction

in the same subject matter ("jurisdiction regulations").

Appellant maintains that err(s), enumerated *supra* is the nexus issue to

the issues on appeal contained in the Opinion.

Finally, Appellant maintains that err(s) in summary conclusion and thus

err(s) in the Opinion are exacerbated when 1) BAP adopts Witt's false

narrative about Appellant as its own, and concludes and states falsely that

Witt did not destroy the evidence, and then 2) conflates the false narrative

further with jurisdictional process and regulation violations by Appellant and

thus, denies Appellant his 5th and 14th Amendment Rights by denying Appellant

"the fundamental rights of access to the courts (*See id*) and in denying Appellant

his fundamental right of access to the courts, here Colorado Courts, BAP denies

---

[36] *(See* id.)

Appellant the right to be heard in Colorado Courts (*See id*).

Therefore, Appellant's fundament rights are denied under a cloud of judicial bias, judicial discretion, and false narrative promoted by Witt and Witt's attorney(s)'s, rather than being proven true or untrue in discovery, in trial on the facts and law, and in ruling on the fact(s) and law(s) of the case at bar.

Thus, Appellant's civil rights as guaranteed under the U.S. Constitution are violated by Witt and Witt's attorney(s) not only for violating statute for failing to correct Colorado Courts' false impression of Appellant, but for promoting the false impression of Appellant to Colorado Courts in repeating in its/their testimony in pleadings, the gaslighting of the false narrative of Appellant's "vendetta" against Witt, when in fact it is Witt and Witt's attorney(s) who are the causation of BAP's err(s) in fact and law in the Opinion on Appeal. And in fact and law, this appeal commenced 7 years ago in Witt's filing of his first racketeering complaint against Appellant in 2016 (*see id*).

## VI.    ARGUMENT

Appellant's argument is made in the evidence and testimony contained in the Record of the 19 Related Cases as cited to Document Number and Page of the Record.

Appellant hereby identifies the false narrative of "vendetta" as a false narrative among the false narratives promulgated by Witt and Witt' attorney(s)

to cause Colorado Courts here BAP, to make summary conclusion(s) in err(s) in the case at bar. The summary conclusions are false and made in contravention of the evidence and testimony of the Record.

Appellant maintains that the use of the term vendetta *See id.* by Witt and Witt's attorney(s) is a deliberate act by Appellees' attorney(s) in violation of at least Rule 3.3, Rule 4.1, and 37 CFR 11.103 *See id.* to cause Colorado Courts, and Bankruptcy Court to make false summary conclusions that upon BAP's review caused BAP to rule against Appellant and Affirm (See Order appealed id.).

Appellant maintains that the cause(s) of false summary conclusions are on display in each of Appellant's four issues presented. The cause is false narrative being applied to institutional judicial bias in Colorado Courts to achieve a summary conclusion in contravention fact and law. Fraud on the Court. In this case at bar, fraud on BAP and fraud on Appellant by Appellees' and their attorney(s)'s.

Appellant maintains that the false summary conclusions are on display in Bankruptcy Court's rulings that in whole or in part falsely contributed to the false narrative of vendetta and caused BAP in whole or in part to rule against Appellant in contravention of the evidence of the Record.

Appellant maintains that the Appellees' and their attorney(s) used a false

narrative(s) to commit fraud on Appellant and fraud on the Colorado Courts. This false narrative is vendetta, promoted by Appellees.

Appellant maintains that for this Court to see proof of Appellees' intentional fraud on Appellant and proof of Appellees' intentional fraud on Colorado Courts in only one false narrative context promoted by Appellees to violate Appellant's civil rights, This Court has only turn to page 7 of this Brief, I. Statement of Related Cases, and inspect the Witt Litigation Chart on page 9.

Appellees' use of vendetta as a false narrative pejorative against Appellant to leverage Colorado Courts institutional judicial bias against pro se litigants to destroy Appellant's Argument and credibility so that Colorado Courts, here BAP arises to the conclusion that Appellant's Brief is not worthy, is fraud on the BAP and a gross violation of Appellant's civil rights and Appellants 5th an14th Amendment Rights.

Appellant maintains that for this reason only, the false narrative of vendetta, Appellees' and/or their attorney(s)'s deliberate promotion of vendetta in a 15 year or even a 7 year fraud on the court in violation of Appellant's civil rights, is reason enough to reverse and remand to the Bankruptcy Court for discovery, trial or hearing, and ruling in favor of Appellant, including granting Appellant's request for Certification.

Appellant maintains that the Appellees' and their attorney(s) used a false

narrative(s) to commit fraud on Appellant and fraud on the Colorado Courts.

Appellant maintains that false narrative(s) promulgated by Appellees' and their attorney(s) leveraged Colorado Courts' institutional judicial bias towards pro se litigants to cause BAP and Bankruptcy Court to rule against Appellant in favor of Appellees in contravention of the evidence of the Record.

Appellant hereby cites to the Record in Argument that Appellees committed fraud on the BAP in their promulgation of a false narrative(s) in this case vendetta, to cause BAP to make a false precedent summary conclusion. BAP's false summary conclusion arises in whole or in part on Bankruptcy Court's false summary conclusion.

Examples:

Bankruptcy Court: (*See* Docket Number 15 Page: 1148)

"The present proceeding is the *most recent attempt made by Noel West Lane, III ("**Lane**") to air his grievances* (emphasis added)[37] against Debtor Matthew

---

[37] The Bankruptcy Court is presiding over Witt's and CCI's bankruptcies (5, 2-C11s and 3 C7s, *See* Chart) since 2009. Appellant first raised the issue of Witt's mortgage fraud against Witt in 17-238-MER and 17-437-MER, then in 09-1530-MER, 1:09-cv-00724-WDM-MEH, 11-1251-MER, through his attorney(s) but was not allowed to proceed to hearing and ruling on Witt's mortgage fraud due to four years of CCI trustees' directed litigation subsequent to Appellant's C7.

Witt's RICO against Appellant in 2016 caused Appellant's entry of appearance pro se.  Appellant is not able to successfully navigate Colorado Courts jurisdiction regulations in 6 jurisdiction in 7 years sufficient to be granted hearing on Witt's mortgage fraud in 2008 which is concealed by Witt in Witt's CCI C11 in 2009.

Curtis Witt ("**Witt**") and a number of other players involved in previous litigation before this Court, albeit some only 6 tangentially. Before the Court is a slew of filings by every party in this action. *See id.* Docket Number 15 Page: 1148

Witt Parties Motion to Dismiss: (*See* Docket Number 15 Page 803)

> "In a continuation of his long-pursued personal vendetta against Mr. Witt, Plaintiff filed the instant Complaint on May 5, 2021. *Docket No. 1.* The Complaint alleges causes of action against the Witt Parties and others for purported violations of C.R.S. §18-8-610 and 11 U.S.C.
>
> §§542 and 543. The claims against the Witt Parties are based entirely on an email from Mr. Witt to Plaintiff where Mr. Witt states he allegedly destroyed certain boxes of documents, which Plaintiff has been pursuing with a singular focus for years."

## A. Err(s) in ruling on facts and law:

Appellant's Preface to Err(s) in ruling on facts and law:

Appellant maintains that the facts are clear in the case at bar. Witt admitted to destroying the evidence (to violate Appellant's constitutional

rights) [38], and 2) Appellant will show evidence from the Record that beyond all doubt while in Witt's custody 1) the clear chain of title for the preservation of the evidence is broken, 2) Witt willingly caused the chain of title to be broken (and evidence destroyed), and 3) Witt and Witt's attorney(s) in promoting his/their false narrative of Appellant's vendetta *id*, intentionally caused Witt's admission to destruction of the evidence to be concealed in its false narrative of vendetta [39] against Witt, in the atmosphere of intentional and/or unintentional institutional judicial bias against pro se litigants including Appellant in Colorado Courts *id*.

<u>Appellant's examples in evidence of BAP Err(s) in ruling on fact and law:</u>

1. The Opinion [40] is founded in the precedent summary conclusion err made by BAP in Opinion, that Witt did not destroy the evidence [41].

---

[38] Appellant maintains Witt's admission is made 1) to augment Witt's and Witt's attorney(s)'s false narrative(s) against Appellant by utilizing the incendiary statement (*See id*) that he/Witt destroyed the evidence (of his mortgage fraud against Appellant) with intent to incite Appellant to respond in motion in any/or all pending litigation(s) as is Appellant's historic practice (*See* Chart) in the 7 years of Witt commenced racketeering litigation against Appellant.

[39] (*See* Document: 010110814176 Date Filed: 02/16/2023 Page: 1149).

[40] Docket Number(s) 60 Page(s) 10

[41] Docket Number(s) 60 Page(s) 11, Paragraph 2, "even though he had not"

b. Witt admitted to destroying the evidence [42]

2. The precedent err in the Opinion is a summary conclusion in contravention of the facts and evidence of the motions, response, replies and sur-replies of Appellant and Appellees [43] [44].

3. Witt confessed in writing to violating orders (custody and preservation of the evidence) and Witt confessed to willful destruction of the evidence on or about October 13, 2020 in Witt's April 13, 2021 written admission to destroying the evidence in his custody with the intent to violate Appellant's Constitutional Rights.

a. See supra, Footnote 39, Witt..., *"did not deny the allegations set forth in the Complaint (Witt's mortgage fraud and/or fraud on the*

---

[42] Witt 4/13/21 email [42] "Defendant-Appellee, April 13, 2021,

"I CERTIFY NOW THAT 1 HAD DESTROYED (the Boxes) 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights!"). (See Appellant App. at 3, P.000035, Paragraph #26)

[43] Docket Number(s)        Page(s)

[44] Here, BAP's err in its summary conclusion is its failure to investigate the Bankruptcy Court's observation in its dismissal order that irrespective of Appellant's 7 years of making mortgage fraud and fraud on the court allegations, "Generally, Lane noted the parties who moved for dismissal, *did not deny the allegations set forth in the Complaint (Witt's mortgage fraud and/or fraud on the courts)*(emphasis added). 21-001100-MER a related case, Document: 010110814176 Date Filed: 02/16/2023 Page: 1149

*courts)*(emphasis added).

## B. Err(s) caused by Colorado Courts institutional judicial bias towards pro se litigants ("judicial bias"):

Appellant's Preface to Err(s) caused by Colorado Courts' judicial bias:

Appellant hereby states that whether intentional or unintentional, Colorado Courts cultivates and harbors judicial bias in the atmosphere of institutional judicial bias that Colorado Courts cultivates on its website's home page in paraphrase, "don't enter this jurisdiction without an attorney". Further, Appellant opines that pro se litigants entering the jurisdictions of Colorado Courts unprepared including Appellant, are equally as guilty of being a part of the cause of Colorado Courts' judicial bias.

In the case at bar, Appellant is presenting his issues on appeal with the evidence and testimony of the Record which Appellant has preserved in an uninterrupted chain of motions in the related cases in the 6 jurisdictions of Colorado Courts where Witt first filed his RICO against Appellant.

Appellant believes that the evidence of the Record of 7 years of Witt caused litigation is sufficient for this Court to consider review of the issues presented under the Doctrines of and arrive at a new summary conclusion stripped of institutional bias and based on fact(s) that, Witt

while custodian of evidence in a pending proceeding caused the evidence to be destroyed based on the definition of spoliation [45] as identified in 21-001100-MER.

Appellant's appeal is of issues that are material in all 19 related cases. However, Appellant's appeal arises out of the err(s) in fact(s) and law(s) of two Colorado Courts, BAP in 22-007 and Bankruptcy Court in 21-001100-MER.

Appellant's evidence of judicial bias Err(s) from the Record:

1. Appellant maintains that the evidence of a false narrative leveraging judicial bias towards pro se litigants including appellant incontravention of the evidence of the Record of 19 related cases is evidenced in two Colorado Courts' precedent summary conclusions:

   a. inBAP was influenced to

   b. Appellant maintains that BAP adopted Witt's and/or Witt's attorney(s)'s false narrative *See infra* Err(s), false narrative(s) of vendetta in contravention of the historic record of Witt Litigation against Appellant [46] in whole or in part based on Witt's and Witt's attorney leveraging in false narrative Colorado Courts' judicial bias

---

[45] *See* Document: 010110814176 Date Filed: 02/16/2023 Pages: 1 through 1836.

[46] *See id.* at pgs. 6, 7 Witt Litigation Chart

towards pro se litigant's pleadings v. pleadings presented by a licensed attorney to Colorado Courts as untrue v. true respectively without any evidence in support. Here, both courts' judicial bias are displayed in contravention of the evidence in the related cases.

a.  *See id.* at pg. 21, Witt's statement of vendetta in BAP No. CO 22-007 answer brief (*See* Docket No. 23 pages 191, 192)

b.  Witt and Witt's attorney(s)

c.  Here, judicial bias appears in the Bankruptcy Court's Order, "The present proceeding is the *most recent attempt made by Noel West Lane, III ("Lane") to air his grievances* (emphasis added)[47] against Debtor Matthew Curtis Witt ("**Witt**") and a number of other players involved in previous litigation before this Court, albeit some only 6 tangentially. Before the Court is a slew of filings by every party in this action. Docket  ----- Page: ------ 1148

---

[47] The Bankruptcy Court is presiding over Witt's and CCI's bankruptcies (5, 2-C11s and 3 C7s, *See* Chart) since 2009.  Appellant first raised the issue of Witt's mortgage fraud against Witt in 17-238-MER and 17-437-MER, then in 09-1530-MER, 1:09-cv-00724-WDM-MEH, 11-1251-MER, through his attorney(s) but was not allowed to proceed to hearing and ruling on Witt's mortgage fraud due to four years of CCI trustees' directed litigation subsequent to Appellant's C7.

Witt's RICO against Appellant in 2016 caused Appellant's entry of appearance pro se.  Appellant is not able to successfully navigate Colorado Courts jurisdiction regulations in 6 jurisdiction  in 7 years sufficient to be granted hearing on Witt's mortgage fraud in 2008 which is concealed by Witt in Witt's CCI C11 in 2009.

d. Here, judicial bias appears in the Bankruptcy Court's

**C. Err(s) caused by promoting a false narrative(s) in Colorado Courts, and failure to correct Colorado Courts' false impression of the facts promulgated in the promotion of a false narrative by Witt and Witt's attorney(s):**

<u>Appellant's Preface to Err(s) caused by promoting a false narrative(s):</u>

Appellant hereby identifies that his reference(s) *id* to gaslight, gaslighting a false narrative(s), and/or false narrative(s) arises in Witt's attorney(s)'s subtle but repeat use and the inferences of terms and phrases such as those that are caused to arise in a person when reading the term "vendetta" [48].

Witt's Chart *supra* [49] clearly shows that the use of vendetta by Witt and Witt's attorney(s) is not only false, but more important to be

---

[48] Vendetta (noun) a prolonged bitter quarrel with or campaign against someone. *Oxford Languages* 2023

[49] A summary of the Record and Procedural History of 23-1035.

considered in the history of the 19 Related Cases [50] [51], neither Witt pro se in 20CA1068 or Witt's attorney(s) during seven years of Witt commenced litigation, have complied with Rule 3.3 Candor to the Tribunal, and/or Rule 4.1 Truthfulness in statements to others [52] and 37 CFR § 11.303 – Candor toward the tribunal.

Witt and Witt's attorney(s)'s fail to correct Colorado Courts' false impression of Appellant in their repeat use of term vendetta while promoting their false narrative(s) in the case at bar, for 7 consecutive years , in Colorado Courts.

The Chart also shows that Witt and Witt's attorney(s) abused

---

[50] Witt's 2008 mortgage fraud on Appellant was first discovered the 44 Boxes 2016. Appellant reported the mortgage fraud to Colorado Courts in 2021.
In *Lodge Constr., Inc. v. United States*, No. 13-499, 2021 WL 1418847 (Fed. Cl. Apr. 14, 2021) the court concluded that the six-year statute of limitations period begins to run when an alleged fraud is committed.

[51] Two Doctrines: Witt and/or Witt's attorney(s)'s are, 1) in violation of the Repeated Violations Doctrine (*See* 28 U.S.C § 2401(a). *Appellate Case: 20-8065 Document:* 010110829207 Date Filed: 03/20/2023 Page: 4, 5 "a series of separate acts that collectively constitute one unlawful act." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 672 (10th Cir. 2016) (emphasis added) (quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)), and 2) The Continuing Violation Doctrine, "tethers conduct from both inside and outside the limitations period into one single violation that, taken as a whole, satisfies the applicable statute of limitations." *Hamer v. City of Trinidad,* 924 F.3d 1093, 1100 (10th Cir. 2019) (emphasis added). For purposes of the continuing violation doctrine, a claim asserts a "single violation" that "continues over an extended period of time.

[52] (*See* Document: 010110814176 Date Filed: 02/16/2023 Page: 1149).

Colorado Courts and Appellant with intent to commit fraud (in false narrative(s)) when promoting his/their false narrative(s) in 6 jurisdictions. Further, Witt and Witt's attorney(s) leveraged his/their violation of the rules of professional conduct, which may rise to civil rights violations against Appellant, to add credibility by gaslight to his/their false narrative(s) against Appellant, in contradiction of the fact that 1) it is Witt that commenced litigation against Appellant in 2016, 2) It is Witt that filed 2 additional complaints against Appellant in 2017 and 2019 *id,* and 3) Appellant's only efforts pro se are as defendant in pleadings from 2016 to 2021, 5 years. Further, Appellant's only proactive action in the first 5 years of the 7 years of Witt commenced litigation from 2016 to 2021, is to attempt to be granted access to Colorado Courts for discovery, trial or hearing, and ruling on the fact(s) in evidence in the Record.

Appellant hereby identifies examples of Witt's and Witt's attorney(s)'s false narrative(s) from the evidence of the Record:

1. Here, false narrative appears in Order re 21-001100-MER as, "The present proceeding is *the most recent attempt made by Noel West Lane, III ("**Lane**") to air his grievances against Debtor Matthew Curtis Witt* ..." (*see supra*) (Document: 010110814176 Date Filed: 02/16/2023 Page: 1148) *see* Footnote 39 *supra.*

2. d

**D. Err(s) caused by overly complex, non-standardized and/or conflicting regulations and procedural due process that vary from jurisdiction to jurisdiction in the same subject matter:**

Appellant's Preface to Err(s) caused by differing jurisdictional process(s):

Appellant maintains that by using Colorado Courts' jurisdictions' differing jurisdictional process(s), Witt and Witt's attorney(s) created and/or by action with intent, leveraged the false narrative(s) of Appellant's vendetta and Colorado Courts' judicial bias towards pro se litigants and caused the BAP to apply judicial discretion to conclude that Appellant's excusable err in counting days to Notice of Appeal from Appellant's Motion to Reconsider the Bankruptcy Courts' Order dismissing 21-001100-MER rather than from the Bankruptcy Court's Order dismissing 21-001100-MER is not an excusable err, so as to affirm the Bankruptcy Courts' dismissal of 21-001100-MER without granting Appellant's request to have his 2021 complaint against Witt and Witt's attorney(s) heard and ruled on the fact of the merits of the evidence of the Record.

Thus, BAP used judicial discretion based on Witt's and Livenick's attorney(s) false narrative(s) and judicial bias in whole and/or in part, to

conclude that it should deny Appellant's fundamental rights of access to Colorado Courts based on jurisdictional process rather than fact and law.

Further, BAP in applying judicial process violation to arrive at affirming dismissal and sanctions, ignored the evidence and testimony of the Record. And ignored the evidence of the Record in reliance in whole or in part on Witt's and Witt's attorney(s)'s false narrative(s). And in so doing caused Appellant's civil rights guaranteed under the U.S. Constitution's 5th and 14th Amendments to be violated in judicial discretion based on a false narrative(s) promoted to Colorado Courts with the intent to violate Appellant's civil rights [53].

## VII.  CONCLUSION

The evidence and testimony of the Record as cited in Appellant's Argument (*see id*) clearly shows beyond reasonable doubt, that Witt destroyed the evidence just as Witt admitted and just as Witt's and Livenick's attorney(s) failed to object to Witt's admission *id* [54]. Further, the evidence and testimony of the Record clearly show that Witt and Witt's attorney(s) violated the Continuing

---

[53] See civil rights violation *See* Document: 010110814176 Date Filed: 02/16/2023 Page: 1103)

[54] *See* Document: 010110814176 Date Filed: 02/16/2023 Page: 1252)

Violation Doctrine [55] and the Repeated Violations Doctrine repeatedly during the 7 years of Witt commenced litigation against Appellant.

Further the evidence and testimony from the Record and evidence in Appellant's Argument clearly show the err(s) of BAP's summary conclusion in BAP's Opinion that, "Witt did not destroy the evidence".

Thus, the Opinion is flawed in its legal conclusion and because of the flawed legal conclusion in BAP's summary conclusion, the Opinion is flawed in its final Opinion and Judgement.

Further, due to the flawed nature of the Opinion, Appellant must be granted reverse and remand for discovery and trial in 21-001100-MER . In addition, Appellant should be granted his request for Certification [56] to Colorado Courts, Colorado District Court Jefferson County, Colorado Court of Appeals, and Colorado Supreme Court, each court being one of the 6 jurisdictions of the 19 Related Cases of which the Record contains the evidence and testimony that Witt

---

[55] Witt's 15 year Chapter 11 fraud on the Bankruptcy Court and 7 year violation of Appellant's civil rights in Colorado Courts for among other things the collective err(s) identified in Argument, is in violation of the continuing violation doctrine (*See Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir. 2019) and the repeated violations doctrine (*See* 28 U.S.C § 2401(a). *Appellate Case: 20-8065 Document:* 010110829207 Date Filed: 03/20/2023; a series of separate acts that collectively constitute one unlawful act.'" *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 672 (10th Cir. 2016) (emphasis added) (quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)).

[56] Docket Number(s) --- Pages --- ), Certification

did destroy the evidence of his mortgage fraud against Appellant and evidence of his fraud on the C11 Court pursuant to the definition of spoliation *id*. paraphrase, "do not proceed in this Court without an attorney", and 2) the chances of a pro se Citizen's access to higher Colorado Courts are less than 1% of the 3,312 average yearly cases that make it to jury trial (i.e. discovery) in Colorado Courts, 2014 to 2019 [57]. Further, this <1% of the average yearly cases that make it to discovery and trial represents <1% of <0.7% of the 518,810 total pro se cases

**Wherefore**, for all the reasons, fact(s) and law(s) and evidence and testimony, set forth from the Record in Appellant's Argument *supra*, Plaintiff-Appellant respectfully requests this Court to rule in Appellant's favor on the evidence and testimony of the Record that Witt with intent, did destroy the evidence in a pending proceeding(s) and did so by promoting a false narrative to Colorado Courts including the BAP and in so promoting a false narrative(s) to Colorado Courts for 7 years against Appellant, caused Appellant's civil rights to be violated by Witt, Nicole Witt, Silver Leaf Mortgage and Torrey Livenick and Livenick Law. Thus Appellant respectfully requests reverse and remand to the Bankrutpcy Court for discovery, trial, and ruling on the evidence and testimony of Record presented in Argument supra and for any and all other relief this Court deems appropriate.

---

[57] (*See supra*)

Respectfully submitted this 11th day of April 2023.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, Colorado 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2023 I filed the foregoing with the Clerk of the Court hand delivered pursuant to this Court's Clerk's instruction to submit Appellant's Brief to this Court for review and authorization to print and return to this Court 7 flat laying copies of Appellant's Brief including Appellant's Appendix.

*Attorneys for Matthew C. Wit, Nicole Witt, and Silver Leaf Mortgage, Inc.*

Jamie Buechler, Esq.
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorney for Torrey Livenick and Livenick Law*

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

Noel West Lane III, In Pro se

1060 Ingalls Street

Lakewood, Colorado 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

APPENDIX

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

| | | |
|---|---|---|
| NOEL WEST LANE, III, | | Case No. 23-1035 |
| Plaintiff/Petitioner - Appellant | | |
| v. | | |
| MATTHEW CURTIS WIIT, NICOLE WITT, TORREY LIVENICK, and LIVENICK LAW, | | |
| Defendant /Respondent – Appellee | | APPENDIX |

---

On Appeal from the United States Bankruptcy Appellate Panel
of the 10th Circuit

The Honorable Hall, Loyd, and Thurman, Bankruptcy Judges

BAP No. CO 22-007

---

Appendix to Brief of Noel West Lane III

---

## Filing Party

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

1

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This Appendix complies with the type-volume limitations of Fed. R. App. P. 32 (a)(7)(B) for Brief, excluding the Appendix and those parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This Appendix complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Appendix has been prepared in a proportionally spaced typeface using Times New Roman, Microsoft Word, in 14 point Regular type.

Appellant:

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

# APPENDIX

## TABLE OF CONTENTS

### Appendix Produced from Document 010110814176 Page 6:

1. CIRCUIT: Fee paid for Tenth Circuit case number 23–1035. Receipt No.: 10C8249. Original receipt mailed to payor (Doc. 68) ................................. 1

2. MANDATE: BAP mandate filed. All parties and bankruptcy court served (Doc. 67)................................................................................. 1

3. CIRCUIT: Notice of Appeal to the Tenth Circuit of filed. Tenth Circuit case number: 23–1035. Bankruptcy court served (Doc. 66) .............................. 1

4. CIRCUIT: Notice of Appeal to the Tenth Circuit filed:. Notice of Appeal and preliminary record electronically transmitted to the Tenth Circuit. All parties served (Doc. 65) .................................................................... 1

5. CIRCUIT: Notice of Appeal to the Tenth Circuit Court of Appeals [60] filed by Appellant Noel West Lane, III. Fee due (Doc. 63) ............................. 1

6. JUDGMENT: Judgment of this Court is hereby entered in accordance with the Unpublished Opinion entered on January 25, 2023. All parties and the bankruptcy court served (Doc. 61) ....................................... *infra*

7. MERITS DISPOSITION: Unpublished Opinion filed. Affirmed. Terminated on the merits after submissions without oral hearing. Written, reasoned, signed, and unpublished by Judges HALL, LOYD (author) and THURMAN. All parties and bankruptcy court served. CASE CLOSED (Doc. 60 *infra*) ............... *infra*

8. Witt Litigation Chart-19 Related Cases – 2008 to 2023 ............... *infra*

3

Respectfully submitted this 11th day of April 2023.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, Colorado 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2023 I filed the foregoing

with the Clerk of the Court by hand delivery and email to:

ca10_cmecf_notify@ca10.uscourts.gov and ca10_team1@ca10.uscourts.gov

pursuant to this Court's Clerk's instruction to submit Appellant's Brief to this

Court in pdf form for review and authorization to print and return to this Court

7 flat laying copies of Appellant's Brief including Appellant's Appendix, and by

US Mail to:

*Attorneys for Matthew C. Wit, Nicole Witt, and Silver Leaf Mortgage, Inc.*

Jamie Buechler, Esq.
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, Colorado 80202

4

*Attorney for Torrey Livenick and Livenick Law*

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, Colorado 80214
Phone Number: 303-697-0462
Email: lane3co@outlook.com

5

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

---

IN RE MATTHEW CURTIS WITT,

    Debtor.

---

NOEL WEST LANE, III,

    Plaintiff - Appellant,

v.

MATTHEW CURTIS WITT, NICOLE
WITT, TORREY LIVENICK, and
LIVENICK LAW,

    Defendants - Appellees.

BAP No. CO-22-007

Bankr. No. 17-17630
Adv. No. 21-01100
Chapter 7

JUDGMENT

---

Before HALL, LOYD, and THURMAN, Bankruptcy Judges.

---

    The judgment of this Court is hereby entered in accordance with the Unpublished Opinion issued on January 25, 2023.

For the Panel:

*Blaine F. Bates*

Blaine F. Bates
Clerk of Court

FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

January 25, 2023

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

---

IN RE MATTHEW CURTIS WITT,

Debtor.

---

NOEL WEST LANE, III,

Plaintiff - Appellant,

v.

MATTHEW CURTIS WITT, NICOLE
WITT, TORREY LIVENICK, and
LIVENICK LAW,

Defendants - Appellees.

|  |
| --- |

BAP No. CO-22-007

Bankr. No. 17-17630
Adv. No. 21-01100
Chapter 7

OPINION

---

Appeal from the United States Bankruptcy Court
for the District of Colorado

---

Submitted on the briefs.[2]

---

Before **HALL**, **LOYD**, and **THURMAN**, Bankruptcy Judges.

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore granted Appellant's request for a decision on the briefs without oral argument. *See Order Submitting Appeal on the Briefs* (BAP ECF No. 52). The case is therefore submitted without oral argument.

**LOYD**, Bankruptcy Judge.

Timing is everything—especially in the law. Here, Appellant, a chapter 7 creditor,

seeks reversal of the Bankruptcy Court's orders dismissing his adversary proceeding,

imposing sanctions, and denying his motion for reconsideration. However, because

Appellant did not comply with certain timing requirements under the Federal Rules of

Bankruptcy Procedure, this Court has jurisdiction to review only the Bankruptcy Court's

order denying his motion for reconsideration. We affirm.

## I.   Background

For many years, Noel Lane has sought to prove that Matthew Witt and

Commercial Capital, Inc. ("CCI") defrauded him by committing mortgage fraud. The

first effort stems from CCI's bankruptcy filing in 2009. There, one of CCI's creditors,

David Kahn, obtained certain boxes of documents that contained information related to

Witt's business dealings. Lane wanted access to these boxes because he believed they

contained information he needed to prove Witt defrauded him and owed him money.

In 2016, after Kahn gained possession of the boxes, Lane entered into an

agreement with him, whereby Lane would share possession of the boxes and split any

recovery Lane obtained from Witt. Lane then took possession of the boxes. However,

despite insisting Witt committed mortgage fraud, Lane never filed a suit against Witt

after obtaining the boxes. Instead, Lane made regular demands for payment.

In 2017, Witt filed a petition for relief under chapter 7. Notwithstanding notice of

Witt's bankruptcy, Lane never filed a proof of claim. Lane also never filed a complaint to

2

determine dischargeability of any purported debt. It was only after one of Witt's creditors

filed an adversary proceeding against Witt that Lane attempted to intervene to protect the

boxes from discovery requests. The Bankruptcy Court denied Lane's request to intervene

(the "June 3, 2019 Order"), and warned that it was not the proper forum for disputes

seeking to adjudicate ownership of the boxes, or any other non-party disputes related to

the boxes.[3]

Consequently, Witt filed a replevin action in state court seeking possession of the

boxes, which the state court granted. After Witt gained possession of the boxes, Lane

resumed his efforts to pursue his fraud claim against Witt outside of court. In response,

Witt told Lane he destroyed the boxes, even though he had not. Soon after, Lane filed an

adversary proceeding in Witt's bankruptcy asserting nine claims and naming fifteen

defendants—including Witt, Witt's wife, and Torrey Livenick—alleging Witt and others

destroyed, or were involved in the destruction of the boxes of documents.[4] The

defendants collectively filed or joined in five motions to dismiss, some of which included

requests for sanctions against Lane. In a single order (the "Dismissal Order"), the

Bankruptcy Court granted the motions to dismiss and dismissed the adversary

proceeding.[5] In the Dismissal Order, the Bankruptcy Court also advised the parties that

---

[3] June 3, 2019 Order at 4, *in* Appellant's App. at 22 ("The court shall forewarn all parties that this is not the appropriate forum for adjudication of disputes relating to ownership of the boxes of documents, or any non-party disputes concerning, arising from, or otherwise having any relationship with the boxes of documents.").

[4] Why Livenick was named as a defendant in the adversary proceeding remains unclear.

[5] *Corrected Order*, *in* Appellant's App. at 1203–11 ("Dismissal Order").

Federal Rule of Bankruptcy Procedure 9011[6] requires a sanction request be made by

separate motion.[7] After the dismissal, the Witts and Livenick filed motions for sanctions.

The Bankruptcy Court granted the motions on March 9, 2022, concluding Lane's

adversary proceeding was filed for an improper purpose, and imposed a $2000 sanctions

award (the "Sanctions Order") against Lane.[8]

In response, on March 22, 2022, Lane filed a motion to extend the time to file a

motion for reconsideration of the Sanctions Order (the "Motion to Enlarge").[9] He did not

request an extension of time to file an appeal of the Sanctions Order. The Bankruptcy

Court granted the Motion to Enlarge,[10] and Lane then filed *Plaintiff Noel West Lane III's*

*Request to 1) Stay Results and 2) Schedule a Reconsideration Hearing Pursuant to 28*

*U.S.C. 59* on April 6, 2022 (the "Motion for Reconsideration").[11] The Bankruptcy Court

---

[6] All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[7] Dismissal Order at 9, *in* Appellant's App. at 1211.

[8] Sanctions Order at 4, *in* Appellant's App. at 13.

[9] Lane titled his pleading: *Plaintiff's Notice of Motion and Motion for Enlargement of Time to Request Stay of Results and to Request Scheduling of a Reconsideration Hearing.* Lane's motion contends he did not receive notice of the Sanctions Order. The Bankruptcy Court's certificate of service providing notice contains Lane's correct email address.

[10] *Proposed Order Granting Plaintiff's Notice of Motion and Motion for Enlargement of Time to Request Stay of Results and to Request Reconsideration Hearing, in* Appellee's Supp. App. at S080–81.

[11] Lane did not call his motion a Rule 9023 motion or motion for a new trial, but did request relief under "28 U.S.C. § 59" and cites Rule 59. *See* Appellant's App. at 277. The Tenth Circuit has held that "regardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309,

4

denied the Motion for Reconsideration (the "Order Denying Reconsideration").[12] Lane appealed.

## II.   Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[13] Lane filed a timely notice of appeal of the Order Denying Reconsideration, which is a final order.[14] No party elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.   Issues on Appeal and Standard of Review

Lane presents numerous issues on appeal, but because Lane did not timely appeal either the Dismissal Order or the Sanctions Order, only two issues are ripe for our review.

---

1323 (10th Cir. 1997) (quoting *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir. 1983). A motion will be considered under Rule 59(e), "when it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir. 1989) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). Even though Lane did not timely file the Motion for Reconsideration, because it questions the "correctness of the judgment" and cites the language of Rule 59, we have construed the Motion for Reconsideration as a motion under Rule 59.

[12] Order Denying Reconsideration, *in* Appellant's App. at 194.

[13] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[14] *See In re Boydstun*, No. 19-20, 2020 WL 241492, at *1 (10th Cir. BAP Jan. 16, 2020) (unpublished) ("An order denying a motion under Rule 59(e) or Rule 60(b) is final for purposes of appellate review if the underlying order from which relief is sought was also final.") (citing *Stubblefield v. Windsor Cap. Grp.*, 74 F.3d 990, 993 (10th Cir. 1996)); *In re Onyeabor*, No. 14-47, 2015 WL 1726692, at *3 (10th Cir. BAP Apr. 15, 2015) (unpublished) (citing *In re Ewing*, No. 07-47, 2008 WL 762458, at *1 & n.4 (10th Cir. BAP Mar. 24, 2008) (unpublished)) (concluding order resolving Rule 59(e) and Rule 60(b) motions was final).

First, whether Lane properly preserved appellate review of the Dismissal Order and the

Sanctions Order,[15] and if so, whether the Bankruptcy Court erred in entering such orders,

which we review for abuse of discretion.[16] Second, whether the Bankruptcy Court erred

in entering the Order Denying Reconsideration, which we also review for abuse of

discretion.[17] An abuse of discretion occurs when the bankruptcy court "based its ruling

---

[15] Lane identified only the Order Denying Reconsideration in his notice of appeal. An appeal from the denial of a timely Rule 59 motion will be sufficient to permit review of the merits of the underlying judgment, if the appeal is "otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." *Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 (10th Cir. 1994). *See also Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (An appeal from the denial of a motion to reconsider construed as a Rule 59 motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not preserve the underlying judgment for appellate review.); *In re Jones*, 381 B.R. 417, 2007 WL 3268431, at *3 (10th Cir. BAP 2007) (unpublished) ("An appeal from a ruling on a Rule 59(e) motion raises the bankruptcy court's underlying judgment for review by this court."). As discussed below, Lane did not timely file the Motion for Reconsideration to permit review of the merits of the underlying judgment.

[16] *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996) ("We review the bankruptcy court's decision to impose sanctions for abuse of discretion . . . which is shown if the bankruptcy court 'based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" (first citing *In re Cascade Energy & Metals Corp.*, 87 F.3d 1146, 1149–50 (10th Cir.1996); then quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). *See also In re Cascade Energy*, 87 F.3d at 1149 (concluding "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination" to a district court's review of a bankruptcy court's imposition of Rule 9011 sanctions).

[17] *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("We generally review the [trial] court's ruling on a Rule 59(e) motion for abuse of discretion.") (citing *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005)). *See also York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996) ("We review a [trial] court's ruling on a motion for a new trial for abuse of discretion.") (citing *Sheets v. Salt Lake Cnty.*, 45 F.3d 1383, 1390 (10th Cir. 1995)).

6

on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[18]

## IV.    Analysis

### A. The Dismissal Order and the Sanctions Order

i.    <u>Lane did not timely file a notice of appeal to preserve appellate review of
the Dismissal Order and the Sanctions Order.</u>

Rule 8002 governs the time for filing a notice of appeal, which requires a party to

file the notice of appeal within fourteen days after entry of judgment, order, or decree.[19]

It is well established that Rule 8002 "'is strictly construed and requires strict

compliance,' and the failure to timely file a notice of appeal is 'a jurisdictional defect

barring appellate review.'"[20] Although Rule 8002(b) provides that certain motions,

including a Rule 9023 motion, will toll the time to file a notice of appeal,[21] Rule 9023

requires a party to file a motion for reconsideration within 14 days of entry of

judgment.[22] Rule 9006(b)(2) does not allow a court to enlarge the time to file a Rule 9023

motion.[23]

---

[18] *Nursery Land Dev., Inc.*, 91 F.3d at 1415 (quoting *Cooter & Gell*, 496 U.S. at 405).

[19] Fed. R. Bankr. P. 8002(a)(1).

[20] *Lopez v. Long (In re Long)*, 255 B.R. 241, 243 (10th Cir. BAP 2000) (quoting *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992)). *See generally Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)) (timely appeal is jurisdictional prerequisite).

[21] *See* Fed. R. Bankr. P. 8002(b)(1)(C).

[22] *Id.*

[23] *Id.* 9006(b)(2) ("[t]he court may not enlarged the time for taking action under Rule[] . . . 9023."). Additionally, many courts, including the Tenth Circuit, have held that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Rule 8002(a) regardless of whether the bankruptcy court

A timely Rule 9023 motion will toll the time to file a notice of appeal.[24] If no such motion is filed, however, the Rules provide the only means to obtain an extension of time to file a notice of appeal is by motion before the deadline to file the notice of appeal, or after such time, by a showing of excusable neglect.[25]

The Dismissal Order filed on January 10, 2022 triggered the fourteen-day period to file a notice of appeal.[26] Lane did not file a notice of appeal until April 20, 2022. He did not file a notice of appeal from either the Dismissal Order or the Sanctions Order

---

disposes of the untimely motion on the merits or whether an opposing party raises a timeliness objection during the bankruptcy court's consideration of the motion. *See Banner Bank v. Robertson (In re Robertson)*, 774 F. App'x 453, 467 (10th Cir. 2019) (unpublished) ("[G]iven our affirmance that Rule 8002(a)(1)'s time limit is jurisdictional, we conclude that the BAP had authority to consider sua sponte whether [the] Rule 9023 motion was timely filed for purposes of determining whether the BAP had jurisdiction over his appeal); *Henderson ex rel. Henderson v. Shinskei*, 562 U.S. 428, 434 ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *In re Harth*, 619 F. App'x. 719, 721 (10th Cir. 2015) (unpublished) (concluding an untimely motion for rehearing with the BAP did not toll the time to appeal). *See also Browder*, 434 U.S. at 265 (concluding an untimely post-judgment motion could not toll the time to appeal whether or not the opposing party objected); *Panhorst v. United States*, 241 F.3d 367, 369–70 (4th Cir. 2001) (same); *Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 8–11 (1st Cir. 2004) (same); *Lizardo v. United States*, 619 F.3d 273, 278 (3d Cir. 2010) (same); *Overstreet v. Joint Facilities Mgmt., L.L.C. (In re Crescent Res., L.L.C.)*, 496 F. App'x 421, 424 (5th Cir. 2012) (unpublished) (same); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582–85 (7th Cir. 2012) (same).

[24] *See* Fed. R. Bankr. P. 8002(b)(1)(C).

[25] *See id.* 8002(d).

[26] An initial dismissal order was entered on November 24, 2021. Lane's time for filing a notice of appeal, motion to extend the time for appeal or motion for new trial as to the dismissal order was December 8, 2021.The Dismissal Order, which corrected a clerical error, was entered on January 10, 2022. Lane's deadline to file a notice of appeal, motion to extend the time for notice of appeal or motion for new trial on the Dismissal Order was January 24, 2022.

within fourteen days of the entry of either order, and he did not timely file any motion that would have extended the period for taking an appeal from the Dismissal Order. Because these time limits are mandatory and jurisdictional, this Court clearly lacks jurisdiction to review the Dismissal Order dismissing the adversary.

The appeal of the Sanctions Order is somewhat more nuanced. The Sanctions Order was entered on March 9, 2022. Therefore, the fourteen-day period to extend the time to file a notice of appeal, a motion to extend the time for appeal, or file a motion for new trial expired on March 23, 2022. On March 22, 2022, within 14 days of the entry of the Sanctions Order, Lane filed the Motion to Enlarge. On March 24, 2022, the Bankruptcy Court entered an order granting Lane's motion and extending to April 6, 2022, the time within which to file his "*Request Stay of Results and to Request Reconsideration Hearing.*"

On April 6, 2022, Lane filed the Motion for Reconsideration. On April 15, 2022, the Court entered its Order Denying Reconsideration finding that "the Motion fails to set forth adequate grounds to grant the requested relief."[27] Lane's April 20, 2022 notice of appeal listed only the Order Denying Reconsideration as the order appealed.

Even though Lane filed the notice of appeal five days after the entry of the Order Denying Reconsideration, the question presented is whether the Bankruptcy Court's granting of Lane's Motion to Enlarge extended the time for Lane to file a notice of appeal of the Sanctions Order. Rule 9023 states, "A motion for a new trial or to alter or

---

[27] Order Denying Reconsideration, *in* Appellant's App. at 194.

9

amend a judgment shall be filed, and a court may on its own order a new trial, no later

than 14 days after entry of judgment." Bankruptcy Procedure 9006(b)(2) provides that

"the court may not enlarge the time for taking action under Rule[] 9023." In other words,

the Bankruptcy Court had no discretion, nor do the Rules grant it authority, to extend

Lane's time to file his request for reconsideration beyond the March 23 deadline

imposed by Rule 9023 and hear the Motion for Reconsideration on its merits.

The Bankruptcy Court's error in granting Lane an extension to file the Motion

for Reconsideration under Rule 9023 did not absolve Lane of his failure to timely file

a notice of appeal. Many courts, including the Tenth Circuit, have held that an

untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal

under 28 U.S.C. § 158 (c)(2) and Rule 8002(a) regardless of whether the bankruptcy

court disposed of the untimely motion on the merits.[28] Accordingly, Lane did not

properly preserve appellate review of the Sanctions Order.

---

[28] *See Banner Bank*, 774 F. App'x at 466–67 ("[W]e hold that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002(a) regardless of whether the bankruptcy court disposes of the motion on the merits or whether an opposing party raises in the bankruptcy court a timeliness objection to that court's consideration of the motion."); *In re Harth*, 619 F. App'x at 721 ("We therefore agree with those circuits holding that a lower court's discretionary election to deny an untimely post-judgment motion on the merits (an equitable action without jurisdictional import in that court) does not re-invest that motion with a tolling effect for purposes of appellate jurisdiction."). *See also In re Browder*, 434 U.S. at 264–65 (concluding that an untimely post-judgment motion could not toll the time to appeal whether or not the opposing party objected.) (citing *Blue*, 676 F.3d at 582–83 (holding that untimely post-trial motions for new trial or to alter or amend judgment did not toll the period within which movant was entitled to file appeal from underlying judgment ); *Lizardo*, 619 F.3d at 280 (while Rule 59(e) is a claim-processing, rather than a jurisdictional, rule, an untimely Rule 59 motion does not toll the time to file a notice of appeal); *Panhorst*, 241 F.3d at 369–70 (untimely motion for rehearing, which

10

ii.    Even if Lane had properly preserved appellate review of the Sanctions
Order, the Bankruptcy Court did not abuse its discretion by entering it.

Even assuming Lane had properly preserved appellate review of the Sanctions

Order, the Bankruptcy Court did not abuse its discretion by entering it. Rule 9011(c)

provides a Bankruptcy Court discretion to issue sanctions after notice and a reasonable

opportunity to respond when a party violates Rule 9011(b)[29] by presenting a pleading for

an improper purpose.[30]

The Supreme Court has prescribed an abuse of discretion standard to be applied by

an appellate court in reviewing a lower court's imposition of Rule 11 sanctions.[31] Thus "a

[bankruptcy] court's decision will not be disturbed unless the appellate court has a

definite and firm conviction that the [bankruptcy] court made a clear error of judgment or

exceeded the bounds of permissible choice in the circumstances."[32]

A review of the record shows that the Bankruptcy Court had a firm basis for

---

is not permitted under the rules, did not extend period for filing notice of appeal); *In re
Crescent Res., L.L.C.*, 496 F. App'x. at 424 ( "An untimely Rule 59(e) motion . . . will
not toll the notice of appeal period, even if the district court addressed the late-filed
motion on the merits.").

[29] Fed. R. Bankr. P. 9011(b) ("When either a represented or *pro se* party signs a
pleading, that party represents, among other things, that the pleading is "not being
presented for any improper purpose[.]").

[30] *Id.* 9011(c).

[31] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("No dispute exists that
the appellate courts should review the district court's selection of a sanction under a
deferential standard. In directing the district court to impose an 'appropriate' sanction, Rule
11 itself indicates that the district court is empowered to exercise its discretion.").

[32] *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City
of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)); *Nursery Land Dev., Inc.*, 91 F.3d
at 1415.

imposing sanctions on Lane. He had been clearly warned by the Bankruptcy Court in a
prior, but related, adversary that "this is not the appropriate forum for the adjudication of
disputes relating to ownership boxes of documents, or any non-party disputes concerning,
arising from, or otherwise having any relationship with the boxes of documents."[33]

Notwithstanding the Bankruptcy Court's admonition in the prior adversary, Lane
persisted in filing and prosecuting the present adversary, the focal point of which was the
boxes of documents. The Bankruptcy Court made no clear error in finding Lane's
continued prosecution of his claims ran afoul of Rule 9011(b)(1)'s prohibition against
filing pleadings "for any improper purpose, such as to harass or to cause unnecessary
delay or needless increase in the cost of litigation" or subsection (2) requiring that any
"claims, defenses, and other legal contentions therein are warranted by existing law or
nonfrivolous argument for the extension, modification, or reversal of existing law[.]"[34]
The Bankruptcy Court did not abuse its discretion to award the sanctions in the form of a
minimal award of $1000 in attorney's fees to each of the two defendants.

Lane also contends the Bankruptcy Court abused its discretion by not conducting
a hearing to review Appellees' sanctions requests. We disagree. The law is clear that a
Rule 9011 question can be decided on the basis of the pleadings. A party that is the
target of a sanctions request has a due process right to "notice that such sanctions are
being considered by the court and a subsequent opportunity to respond" before final

---

[33] June 3, 2019 Order at 4, *in* Appellant's App. at 22.
[34] Fed. R. Bankr. P. 9011(b)

judgment.[35] However, an opportunity to be heard does not require an oral or evidentiary hearing on the issue. The opportunity to fully brief the issue is sufficient to satisfy due process requirements.[36]

Lane had notice and submitted responsive pleadings to Appellees' motions for sanctions. The Bankruptcy Court based its ruling on the clear notice it provided Lane in the June 3, 2019 Order. The Bankruptcy Court did not base the Sanctions Order "on an erroneous view of the law or on a clearly erroneous assessment of the evidence,"[37] and due process was satisfied. Accordingly, the Bankruptcy Court did not abuse its discretion by issuing the Sanctions Order.

---

[35] *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987) (en banc).

[36] *Id.* at 1515; *In re Blagg*, 223 B.R. 795, 807 (10th Cir. BAP 1998). *See* Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment (noting that whether the matter "should be decided solely on the basis of written submissions or should be scheduled for oral argument (or, indeed, for evidentiary presentation) will depend upon the circumstances."); *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990) ("[W]e think a district court in the exercise of its sound discretion must identify and determine the legal basis of each sanction charge sought to be imposed, and whether its resolution requires further proceedings, including the need for an evidentiary hearing."); *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) ("due process must be afforded. . . [but] [t]his does not mean, necessarily, that an evidentiary hearing must be held. At a minimum, however, notice and an opportunity to be heard is required."); *In re Figueroa Alonso*, 546 B. R. 1, 7 (Bankr. D.P.R. 2016) ("[W]hen a bankruptcy court considers a motion for sanctions, a 'full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice.'") (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010)).

[37] *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996).

>    B.  *The Bankruptcy Court did not abuse its discretion by entering the Order*
>        *Denying Reconsideration.*

Rule 59 governs new trial motions and provides that in a nonjury trial, a court may

grant a new trial "for any reason for which a rehearing has heretofore been granted in a

suit in equity in federal court."[38] The Tenth Circuit has articulated that "an intervening

change in the controlling law, the availability of new evidence, or the need to correct

clear error or prevent manifest injustice" may be reasons to grant a motion for a new

trial.[39] Thus, a motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law.[40] It is not appropriate

to revisit issues already addressed or advance arguments that could have been raised in

prior briefing.[41]

Lane's briefs focus on the merits of the Sanctions Order and not the Order

Denying Reconsideration. Lane contends the Sanctions Order was a result of judicial bias

against *pro se* litigants and violated his due process rights. Lane asserts the new trial was

warranted because the Bankruptcy Court actively concealed criminal activity despite its

duty to report alleged criminal acts. Appellees contend the Motion for Reconsideration

did not reference any new evidence, assert there was a change in the controlling law, or

suggest the Bankruptcy Court committed clear error.

---

[38] Fed. R. Civ. P. 59(a)(1)(B).

[39] *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[40] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[41] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

In the Order Denying Reconsideration, the Bankruptcy Court found Lane "did not set forth adequate grounds to grant the requested relief."[42] We agree. A review of Lane's Motion for Reconsideration confirms what the Bankruptcy Court found: there were no grounds to grant it. Lane's Motion for Reconsideration just rehashes the arguments, which he made in his response to Appellees' motions for sanctions. Those arguments focused on alleged violations of his constitutional rights arising out of issues relating to the boxes of documents. In fact, despite the Bankruptcy Court's previous rulings regarding the boxes of documents which gave rise to the imposition of sanctions against him, Lane doubles-down on his argument that the boxes not only are at the center of entitling him to relief in the adversary proceeding, but also the basis of his defense to the imposition of sanctions. Accordingly, Lane has failed to demonstrate the Bankruptcy Court abused its discretion by entering the Order Denying Reconsideration.

## V.    Conclusion

Because Lane did not properly preserve appellate review of the Dismissal Order or the Sanctions Order, and because the Bankruptcy Court did not abuse its discretion in denying the Motion for Reconsideration, we AFFIRM the Bankruptcy Court.

---

[42] Order Denying Reconsideration, *in* Appellant's App. at 194.

## Witt Litigation Chart - 19 Related Trial Court Cases - 2008 to 2023

| Plaintiff/ Petitioner | Defendant/ Appellant | Cause of Action | Case Number | Year |
|---|---|---|---|---|
| Witt | Appellant | Witt Mortgage Fraud on Appellant | Appellant Personally Guarantees $12 Million to Witt as CCI Owner | 2008 (See 09-1530-MER) |
| Witt | | Witt/CCI C11 Mortgage Brokerage | 09-17238-MER | 2009 |
| Witt | | Witt/CCI C11 Spec. Purpose Entity | 09-17437-MER | 2009 |
| Witt | Appellant | Witt/CCI C11 Adv. Proceeding v. Appellant | 09-1530-MER | 2009 |
| Witt | Appellant | Witt/CCI C11 Banks suing Witt Mortgage Fraud | 1:09-cv-00724-WDM-MEH | 2009 |
| Witt | Appellant | Witt/CCI C11 in re 1:09-cv-00724-WDM-MEH | 11-1251-MER | 2011 |
| Witt | | Witt C7 14-11413-MER | 11-11413-MER | 2014 |
| Witt | Appellant  In Pro se | Witt RICCO v. Appellant  Dismissed | 16-cv-01303-KMT | 2016 |
| Witt | Appellant  In Pro se | Witt COCCA v. Appellant  Dismissed | 17-cv-31212 | 2017 |
| Witt | | Witt C7 17-11705-MER | 17-11705 | 2017 |
| Witt | | Witt C7 17-17630-MER | 17-17630-MER | 2017 |
| Witt | Appellant  In Pro se | Witt C7  17-17630-MER Adv. Proceeding | 17-1548-MER | 2017 |
| Witt | Appellant  In Pro se | Witt COCCA v. Appellant Appealed | 18SA6 in re 17-cv-31212 | 2018 |
| Witt | Appellant  In Pro se | Witt Replevin v. Appellant | 19-cv-30951 | 2019 |
| Witt | Appellant  In Pro se | Witt Replevin v. Appellant Appealed | 19CA656 in re 19-cv-30951 | 2019 |
| Witt | Appellant  In Pro se | Witt Replevin v. Appellant Appealed | 2020SC516 in re 19-cv-30951 | 2020 |
| Witt | Appellant  In Pro se | Witt Replevin v. Appellant Appealed | 2020SA218 in re 19-cv-30951 | 2020 |
| Witt | Appellant  In Pro se | Witt Replevin v. Appellant Appealed | 20CA1068 in re 19-cv-30951 | 2020 |
| Appellant  In Pro se | Witt | Witt C7  17-17630-MER Adv. Proceeding | 21-001100-MER in re 17-1548-MER | 2021 |
| Appellant  In Pro se | Witt | Witt C7  17-17630-MER Adv. Proceeding | BAP No. CO 22-007 in re 21-001100-MER | 2022 |

| 02/09/2023 | 68 | CIRCUIT: Fee paid for Tenth Circuit case number 23−1035. Receipt No.: 10C8249. Original receipt mailed to payor. [92030] [Entered: 02/09/2023 12:51 PM] |

| 02/09/2023 | 67 | MANDATE: BAP mandate filed. All parties and bankruptcy court served. [92027] Service Date: 02/09/2023. [Entered: 02/09/2023 08:52 AM] |

| 02/07/2023 | 66 | CIRCUIT: Notice of Appeal to the Tenth Circuit of filed. Tenth Circuit case number: 23−1035. Bankruptcy court served. [92023] [Entered: 02/07/2023 08:20 AM] |

| 02/02/2023 | 65 | CIRCUIT: Notice of Appeal to the Tenth Circuit filed:. Notice of Appeal and preliminary record electronically transmitted to the Tenth Circuit. All parties served. [92014] [Entered: 02/02/2023 11:05 AM] |

| 02/02/2023 | 63 | CIRCUIT: Notice of Appeal to the Tenth Circuit Court of Appeals [60] filed by Appellant Noel West Lane, III. Fee due. [92012] [Entered: 02/02/2023 10:25 AM] |

| 01/25/2023 | 61 | JUDGMENT: Judgment of this Court is hereby entered in accordance with the Unpublished Opinion entered on January 25, 2023. All parties and the bankruptcy court served. Service Date: 01/25/2023. [Entry date: 01/25/2023]. [91967] [Entered: 01/25/2023 09:11 AM] |

| 01/25/2023 | 60 | MERITS DISPOSITION: Unpublished Opinion filed. Affirmed. Terminated on the merits after submissions without oral hearing. Written, reasoned, signed, and unpublished by Judges HALL, LOYD (author) and THURMAN. All parties and bankruptcy court served. CASE CLOSED. Entry Date: 01/25/2023. [91966]−−[Edited 01/25/2023 by SAJ] [Entered: 01/25/2023 09:09 AM] |

| 10/24/2022 | 52 | ORDER: Order filed by Judges HALL, LOYD and THURMAN, DENYING Appellees' Motion for Longer Argument Time at Oral Argument [47] as moot, VACATING oral argument scheduled for January 10, 2023, and ORDERING the appeal be submitted for decision on the briefs. All parties served. Service Date: 10/24/2022. Entry Date: 10/24/2022. [91779] [Entered: 10/24/2022 02:06 PM] |

| 10/20/2022 | 49 | RESPONSE: Response to Motion For Longer Argument Time at Oral Argument [47] and motion to decide the case on the briefs filed by Appellant Noel West Lane, III. All parties served on 10/20/2022. [91775] [Entered: 10/20/2022 03:41 PM] |

| 10/13/2022 | 48 | DUE DATE: Response to Appellees' Motion for Longer Argument Time at Oral Argument [47] due 10/20/2022 for Appellant Noel West Lane III. [91759] [Entered: 10/13/2022 02:42 PM] |

| 10/13/2022 | 47 | MOTION:Motion for Longer Argument Time at Oral Argument filed by Appellees Matthew Curtis Witt and Nicole Witt. Attached Certificate of Service lists parties as served on 10/13/2022. [91758] [22−7]−−[Edited 10/13/2022 by SAJ] (Buechler, Kelsey) [Entered: 10/13/2022 02:30 PM] |

| 10/03/2022 | 46 | DOCUMENT:Oral Argument Acknowledgment Form filed by Appellees Matthew Curtis Witt and Nicole Witt. Attorney Kelsey Jamie Buechler for Appellees Matthew Curtis Witt and Nicole Witt will appear at oral argument. Attached Certificate of Service lists parties as served on 10/03/2022. [91729] [22−7] (Buechler, Kelsey) [Entered: 10/03/2022 02:57 PM] |

| 09/29/2022 | 43 | DOCUMENT: Oral Argument Acknowledgment Form filed by Noel West Lane, III to appear at oral argument. [91717] [Entered: 09/29/2022 02:46 PM] |

| 09/29/2022 | 42 | ORDER: Order filed by Judges HALL, LOYD and THURMAN GRANTING Motion to Continue Oral Argument. [38] All parties served. Service Date: 09/29/2022. Entry Date: 09/29/2022. [91716] [Entered: 09/29/2022 01:54 PM] |

| 09/20/2022 | 38 | MOTION: Motion to Enlarge Time to Prepare for Oral Argument filed by Appellant Noel West Lane, III. Attached Certificate of Service lists parties as served on 09/20/2022. [91676] Response due 09/27/2022 for Appellees Torrey Livenick, Livenick Law, Matthew Curtis Witt and Nicole Witt. [Entered: 09/20/2022 03:55 PM] |

| 09/19/2022 | 37 | DOCUMENT:Oral Argument Acknowledgment Form filed by Appellees Matthew Curtis Witt and Nicole Witt. Attorney Kelsey Jamie Buechler for Appellees Matthew Curtis Witt and Nicole Witt will appear at oral argument. Attached Certificate of Service parties as served on 09/19/2022. [91673] [22−7] (Buechler, Kelsey) [Entered: 09/19/2022 04:13 PM] |
| --- | --- | --- |
| 09/15/2022 | 36 | CALENDAR: Approved for oral argument and calendared. Argument set: HALL, LOYD, THURMAN. Oral Argument will be held on November 8, 2022 at 10:30am Mountain Time. All parties served. [91669] Oral argument acknowledgment form due 09/29/2022 for Appellant Noel West Lane III and Appellees Torrey Livenick, Livenick Law, Matthew Curtis Witt and Nicole Witt. Service Date: 09/15/2022. [Entered: 09/15/2022 02:55 PM] |
| 08/18/2022 | 35 | APPENDIX: Appendix filed by Appellant Noel West Lane, III. Attached certificate of service lists parties as served on 08/18/2022 via CM/ECF. [91627] [Entered: 08/18/2022 08:55 AM] |
| 08/18/2022 | 34 | BRIEF: Reply Brief filed by Noel West Lane, III. Attached certificate of service lists parties as served 08/18/2022 via CM/ECF. [91626] [Entered: 08/18/2022 08:48 AM] |
| 08/09/2022 | 33 | ORDER: Order filed GRANTING Motion to extend time to file reply brief [32] Appellant's reply brief is due 08/17/2022 for Appellant Noel West Lane III. All parties served. Entry Date: 08/09/2022. [91619] [Entered: 08/09/2022 09:53 AM] |
| 08/08/2022 | 32 | MOTION: Motion to Extend Time to File Reply Brief until 08/17/2022 filed by Appellant. Attached Certificate of Service lists parties as served on 08/09/2022 via CM/ECF. [91618] [Entered: 08/09/2022 09:50 AM] |
| 08/02/2022 | 31 | APPENDIX: Addendum to Appendix filed by Attorney Kelsey Jamie Buechler for Appellees Matthew Curtis Witt and Nicole Witt. Attached Certificate of Service lists parties as served on 08/02/2022. [91613] [22−7]---[Edited 08/03/2022 by SAJ] (Buechler, Kelsey) [Entered: 08/02/2022 04:11 PM] |
| 07/22/2022 | 28 | BRIEF:Response Brief filed by Attorney Torrey Livenick for Appellees Livenick Law and Torrey Livenick. Attached Certificate of Service lists parties as served on 07/22/2022. [91602] [22−7] (Livenick, Torrey) [Entered: 07/22/2022 11:31 PM] |
| 07/20/2022 | 27 | DUE DATE: Brief due. Appellant's reply brief is due 08/15/2022 for Appellant Noel West Lane III. [91590] [Entered: 07/20/2022 10:59 AM] |
| 07/20/2022 | 26 | ORDER: Order filed GRANTING Motion to Extend Time to File Brief. [24] Appellee's brief due 07/22/2022 for Appellees Torrey Livenick and Livenick Law. All parties served. Entry Date: 07/20/2022. [91589]---[Edited 07/21/2022 by SAJ] [Entered: 07/20/2022 10:22 AM] |
| 07/20/2022 | 25 | APPENDIX:Appendix filed by Attorney Kelsey Jamie Buechler for Appellees Matthew Curtis Witt and Nicole Witt. Attached Certificate of Service lists parties as served on 07/19/2022. [91586] [22−7] (Buechler, Kelsey) [Entered: 07/20/2022 10:05 AM] |
| 07/19/2022 | 24 | MOTION:Motion to Extend Time to File Brief until 07/22/2022 filed by Appellees Livenick Law and Torrey Livenick. Attached Certificate of Service lists parties as served on 07/19/2022. [91585] [22−7] (Livenick, Torrey) [Entered: 07/19/2022 10:05 PM] |
| 07/19/2022 | 23 | BRIEF:Response Brief filed by Attorney Kelsey Jamie Buechler for Appellees Matthew Curtis Witt and Nicole Witt. Attached Certificate of Service lists parties as served on 07/19/2022. [91584] [22−7] (Buechler, Kelsey) [Entered: 07/19/2022 04:24 PM] |
| 07/05/2022 | 22 | ORDER: Order filed GRANTING Appellant's Motion to extend time to file reply brief. [21]. All parties served on 07/05/2022 via CM/ECF. [91545] [Entered: 07/05/2022 11:05 AM] |
| 07/01/2022 | 21 | MOTION: Motion for Extension of Time to File Reply Brief to 08/15/2022 filed by Appellant Noel West Lane, III. Attached Certificate of Service lists parties as served on 07/01/2022 via CM/ECF. [91544] [Entered: 07/05/2022 10:50 AM] |

| 06/14/2022 | 20 | ORDER: Order filed GRANTING Motion to extend time to file reply brief [19]. Appellant's reply brief is due 08/08/2022 for Appellant Noel West Lane III. All parties served. Entry Date: 06/14/2022. [91499] [Entered: 06/14/2022 10:00 AM] |
|---|---|---|
| 06/14/2022 | 19 | MOTION: Motion for Extension of Time to File Reply Brief to until 08/08/2022 filed by Appellant Noel West Lane, III. Attached Certificate of Service lists parties as served on 06/14/2022. [91498] [Entered: 06/14/2022 09:55 AM] |
| 06/13/2022 | 18 | ORDER: Order filed GRANTING Motion to Extend Time to File Brief [17]. Appellees' brief(s) due 07/19/2022 for Appellees Torrey Livenick, Livenick Law, Matthew Curtis Witt, and Nicole Witt. All parties served. Entry Date: 06/13/2022. [91495] [Entered: 06/13/2022 11:12 AM] |
| 06/13/2022 | 17 | MOTION:Motion to Extend Time to File Brief until 07/15/2022 filed by Appellees Livenick Law and Torrey Livenick. Attached Certificate of Service lists parties as served on 06/13/2022. [91494] [22−7] (Livenick, Torrey) [Entered: 06/13/2022 10:43 AM] |
| 06/02/2022 | 16 | RESPONSE: Compliant Amended Brief and Appendix filed. The deficiency is satisfied. [91481] [Entered: 06/02/2022 10:45 AM] |
| 06/02/2022 | 15 | APPENDIX: Appendix filed Appellant Noel West Lane, III. Attached certificate of service lists parties as served on 06/02/2022. [91479] [Entered: 06/02/2022 09:14 AM] |
| 06/02/2022 | 14 | BRIEF: Amended Opening Brief filed Appellant Noel West Lane, III. Parties as served on 06/02/2022. [91478] Appellees' brief due 07/05/2022 for Appellees Torrey Livenick, Livenick Law, Matthew Curtis Witt and Nicole Witt. [Entered: 06/02/2022 09:10 AM] |
| 05/24/2022 | 13 | ORDER: Notice of Deficiency sent to Appellant Noel West Lane, III re: deficiencies in brief and appendix. [12] All parties served. Service Date: 05/24/2022. [91454] Response due 06/07/2022 for Appellant Noel West Lane III. − Deficiency Satisifed.—-[Edited 06/02/2022 by AZ] [Entered: 05/24/2022 08:27 AM] |
| 05/23/2022 | 12 | BRIEF: Opening Brief filed Appellant Noel West Lane, III. Attached certificate of service lists parties as served on 05/20/2022. [91451] [Entered: 05/23/2022 09:14 AM] |
| 05/05/2022 | 11 | DOCUMENT:One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003−2(d)) filed by Appellees Livenick Law and Torrey Livenick. Oral argument is not requested. Attached Certificate of Service lists parties as served on 05/04/2022. [91429] [22−7] (Livenick, Torrey) [Entered: 05/05/2022 06:45 PM] |
| 05/05/2022 | 10 | RESPONSE:: Filing fee paid.. The deficiency is satisfied. [91427] [Entered: 05/05/2022 12:13 PM] |
| 05/04/2022 | 9 | NOTICE: Designation of Record and Statement of Issues filed by Appellant Noel West Lane, III to clerk of bankruptcy court. No image attached. [91426] [Entered: 05/04/2022 11:22 AM] |
| 05/03/2022 | 7 | DOCUMENT:One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003−2(d)) filed by Appellees Matthew Curtis Witt and Nicole Witt. Oral argument is not requested. Attached Certificate of Service lists parties as served on 05/03/2022. [91421] [22−7] (Buechler, Kelsey) [Entered: 05/03/2022 10:55 AM] |
| 05/03/2022 | 5 | DOCUMENT: One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003−2(d)) filed by Appellant Noel West Lane, III. Oral argument is requested. Attached Certificate of Service lists parties as served on 05/03/2022. [91419] [Entered: 05/03/2022 08:40 AM] |
| 04/20/2022 | 3 | ORDER: Notice of Deficiency sent to Appellant Noel West Lane, III re: failure to pay filing fee. All parties served. Service Date: 04/20/2022. [91396] Response due 05/04/2022 for Appellant Noel West |

| | | |
|---|---|---|
| | | Lane III. [Entered: 04/20/2022 03:21 PM] |
| 04/20/2022 | 2 | NOTICE: Notice that appeal has been docketed with appeal caption. Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument due 05/04/2022 for Appellant Noel West Lane III and Appellees Torrey Livenick, Livenick Law, Matthew Curtis Witt and Nicole Witt. Appellant's brief and appendix due 05/20/2022 for Appellant Noel West Lane III. All parties served 04/20/2022. Entry Date: 04/20/2022. [91395] [Entered: 04/20/2022 03:00 PM] |
| 04/20/2022 | 1 | APPEAL: Bankruptcy appeal filed. BAP case number: CO−22−7. Appeal filed in the Bankruptcy Court on 04/20/2022. Notification of appeal transmitted from the Bankruptcy Court by NEF; record received from the Bankruptcy Court docket 04/20/2022. [91394] Designation of Record and Statement of Issues due to clerk of bankruptcy court by 05/04/2022 for Appellant Noel West Lane III. [Entered: 04/20/2022 02:50 PM] |